Herman Franck, Esq. (SB 123476)
Law Offices of Herman Franck
926 J Street, Suite 1011
Sacramento, California  95814
916 447-8400; Fax 916 447 0720

Attorney for Plaintiffs
Stephen Turner, M.D. et al

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN TURNER, M.D., SUSANA TURNER, on behalf of themselves and as | Case No. C 01 3884 JL CW |
| Guardian ad litem for minor children DAVID TURNER, DANIEL TURNER, DEBORAH TURNER and WESTERN PARAMEDICAL SERVICES LLC | FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES  ACT; RICO ACT; AND STATE TORT RELATED ACTIONS |
| vs. | |
| DAVID J. COOK, ESQ., COOK PERKISS & LEW, a PROFESSIONAL LAW CORP., AH BENG YEO and  E.A. MARTINI | [15 USC SECTION 1692] [18 USC SECTION 1961] |
| Defendants. | |

_____/

Plaintiffs Stephen Turner, M.D., Susana Turner, on behalf of themselves and as

guardian ad litum for their children Daniel Turner and Deborah Turner, and David

Turner (not a minor), and Western Paramedical Services LLC, allege and state as

follows:

First Amended Complaint

Note regarding exhibits: because this document is being filed via the Court's e-filing system, the Plaintiffs have decided not to attach the voluminous and various documents identified herein as Exhibits A – K. Those Exhibits were attached to the originally filed complaint, and will be referenced herein as the exhibits which are attached to the original complaint.

I.

JURISDICTION AND VENUE

1.  Jurisdiction before the United States District Court, Northern District of California is based on federal question matter jurisdiction, pursuant to 28 U.S.C. Section 1331. The action is under the Federal Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq and the Racketeer Influenced and Corrupt Organziations Act (RICO), 18 U.S.C. Section 1961 et seq.

2.  Jurisdiction on the pendant state claims is based on the Court's Supplemental Jurisdiction pursuant to 28 USC Section 1367(a).  The state claims each involve claims that are related to the federal claim and form part of the same case or controversy under Article III of the United States Constitution.

3.  Venue in the Northern District of California is based on 28 U.S.C. Section 1391(b), in that the defendants reside and/or have a principle place of business in the Northern District, and that a substantial part of the events giving rise to the claim occurred, and a substantial part of property that is the subject of the action is situated, in the Northern District.

First Amended Complaint

2

II.
PARTIES

4.  Plaintiff Stephen Turner, M.D.  is an individual residing in Alameda County,

California.

5.  Plaintiff Susana Turner is an individual residing in Alameda County,

California. Susana Turner and Stephen Turner, M.D.  were formerly Husband and

Wife, and were divorced as of September, 2001 from a Judgment of Marital

Dissolution issued by the Alameda County Superior Court.

6.  Plaintiffs Daniel Turner (DOB 2-24-86) and Deborah Turner (DOB 6-9-87) are

the minor children of Plaintiffs Stephen and Susana Turner, and are each natural

persons.  David Turner is also one of the children of plaintiff's Stephen and Susana

Turner. David Turner  was a minor at the time this action was filed, but has since

reached his 18th birthday. The Turner children (Daniel, Deborah and David) have

standing to sue herein because of the fact that they are each the beneficiaries under

the Golden Gate Trust created during 1995 and attached to the initial complaint

filed herein as Exhibit H (See Exhibit H, page 4, Section 1(d) and Fifth Schedule

thereto, page 36) which gives the children the ultimate residuary rights in the real

property located at 4225 Twilight Ct, Hayward, California. The debt collection

activity by defendants is in large part focused on collecting the debt through

First Amended Complaint

setting aside the conveyances of the real property, which makes the children, who also reside in the property, aggrieved in fact herein. In addition, the conduct of defendants was done directly to the children, and in front of them, and has thus made them directly involved as plaintiffs herein.  For example, Mr. Cook was seen by the children personally taping an OSC re sale of residence to the door (during August, 2001) piling up approximately 10 notices of a lis pendens in front of the door (during August, 2001), piling up multiple copies of the summons and complaint of the Contra Costa County fraudulent conveyance action in front of the front door (during late November, 1999), and became generally aware of the collection activities of Mr. Cook and Cook, Perkiss and Lew through discussions with Stephen Turner, M.D. and Susana Turner.


7.  Plaintiff Western Paramedical Services LLC is a Delaware Limited Liability Company with a principle place of business in Alameda County, California.


8.  Defendant David J. Cook, Esq. Is an individual who on information and belief resides in San Francisco, or other city within the Northern District.  David J. Cook is an attorney at law, licensed by the State Bar of California.


9.  Defendant Cook, Perkiss & Lew is a California Professional Corporation, or other form of organization unknown to Plaintiffs, which is duly registered with the California Bar as such, and has a principle place of business within the Northern

First Amended Complaint

District of California, and in particular, San Francisco, California. The lawfirm constitutes the enterprise/organization within the meaning of the RICO Act. Cook, Yeo and Martini all worked with this law firm to commit the various wrongdoings alleged herein under the RICO claim for relief.

10.  Defendants Ah Beng Yeo and E.A. Martin are husband and wife residing in Contra Costa County. Yeo and Martini have directly assisted the debt collection efforts of defendant Cook and Cook, Perkiss & Lew, and are thus liable for their actual involvement in the debt collection practices and violations alleged and complained of herein. For example, Yeo and Martini provided names of insurance companies to send the complained of third party letters and other correspondence. Yeo and Martini made follow up telephone calls to the third party insurance companies and other groups, and falsely stated to them that Stephen Turner owns and is Western Paramedical Services. She called many such insurance companies and agents at the request and direction of David Cook and Cook, Perkiss & Lew.

First Amended Complaint

III.
FIRST CLAIM FOR RELIEF FOR DAMAGES
AND INJUNCTIVE RELIEF FOR VIOLATIONS
OF THE FAIR DEBT COLLECTIONS PRACTICES ACT,
15 U.S.C. SECTION 1692 ET SEQ

[Against all Defendant]

11.  This is a claim for relief for damages and injunctive relief for violations of the

Fair Debt Collections Practices Act, 15 U.S.C. Section 1692 et seq.  The

allegations of paragraphs 1-10 are incorporated herein.  The plaintiffs are each of

the Turner family members. All defendants are defendants in this first claim for

relief.

12. Stephen Turner has been sued by defendants David Cook, Cook, Perkiss &

Lew, on behalf of their law clients Yeo and Martini,  for having an obligation to

pay a debt arising from an August 21, 1998 Contra Costa County Superior Court

Judgment against Stephen Turner, in the amount of $1,010,000.00 plus accrued

interest. A copy of that Judgment is attached to the original complaint as Exhibit

A, and made a part hereof.  That judgment arose from allegations of various

business interference torts by Stephen Turner against Yeo and Martini.

First Amended Complaint

13. Stephen Turner and Susana Turner are presently defendants in a debt collection action filed by Defendants Cook and Cook, Perkiss & Lew on behalf of their law clients Yeo and Martini in Contra Costa County, Action No. C99-04095. Cook and Cook, Perkiss & Lew are also engaged in debt collection activities to collect directly on the 1998 judgment (Exhibit A).

14. Action No. C99-04095 is a collection effort by defendants Cook and Cook, Perkiss and Lew, on behalf of their law clients Yeo and Martini, to collect on the 1998 Judgment (Exhibit A).  The action alleges a series of fraudulent conveyances of the real property located at 4225 Twilight Ct, Hayward, CA, where the Turner family has resided at all relevant times herein. A copy of the filed lawsuit, without the exhibits, is attached to the original complaint as Exhibit I.  It constitutes a debt collection action because it alleges that Stephen Turner entered into a transaction to fraudulently convey the personal residence to Susana Turner and to other entities, including a corporate entity by the name of Real Investment Capital Holdings LLC. These allegations appear on page 4, paragraphs 9 and 10 of the Fraudulent Conveyance Act, Exhibit I.

15.   The  lawsuit (Exhibit I) violates 15 USC Section 1692i(a)(1), which requires any "legal action on a debt against any consumer" to be brought "only in a judicial district or similar legal entity in which such real property is located."  Since the

First Amended Complaint

fraudulent conveyance action seeks to pay off the judgment with real property located in Alameda County, the suit for fraudulent conveyance (Exhibit I) constitutes a collection action that should have been brought in Alameda County. Though the lawsuit was filed more than one year ago, it is still presently pending and will be proceeding to trial. Defendants are also engaged in provisional remedies within that lawsuit, including recent (August, 2001) receivership proceedings. There are further proceedings expected, including a trial. Plaintiffs thus request relief to enjoin the Contra Costa County fraudulent conveyance action.

16. The lawsuit also violates 15 USC Section 1692i(a)(2), which requires debt collection actions to be brought in which the consumer signed the contract sued upon or in which the consumer resides. Since there is no "contract" sued upon (the underlying judgment, per Exhibit A hereto, was for business related torts, not a contract claim), the only place the defendants should have filed the action is Alameda County. As to the fraudulent conveyance action, plaintiffs request that the court enjoin defendants from any further prosecution of that action, and that the action be dismissed, and that the defendants reimburse plaintiffs for any attorneys fees expended in the defense of that action.

First Amended Complaint

17.   Western Paramedical Services LLC *is not* a plaintiff in this first claim for

relief, as it is not a natural person and thus has no standing under the act.


18. Defendants David J. Cook, Esq., and Cook, Perkiss & Lew are active attorneys

at law that are substantially engaged in the business of debt collectors within the

meaning of 15 USC Section 1692a(6).  They advertise in various legal

newspapers, including *The Recorder* as being debt collection attorneys, and

generally hold themselves as such.


19.   Defendants Cook and Cook, Perkiss, & Lew regularly use the mail, telephone,

fax and other interstate systems of communication for the primary purpose of

collecting a payment on a debt to a creditor that they represent. These defendants

have a substantial debt collection law firm, and are constantly and regularly

engaged in debt collection activities, including pre litigation activities, and post

judgment activities. Their conduct involves not only court filings, but non court

filings in the form of letters and other communications to plaintiffs and other third

parties.


20.   The defendants, and each of them, have violated the Fair Debt Collections

Practices Act, 15 U.S.C. Section 1692 et seq, by the occurrences and conduct

particularized herein. The defendants conduct in these violations was intentional,

knowingly done, and knowingly and intentionally deceptive. With respect to the

First Amended Complaint

improper filing of the Contra Costa County fraudulent conveyance action, defendants intentionally and knowingly have filed this action, have wrongfully maintained the action, and continue to do so.

21.  Within one year of the filing date of this complaint, or within one year of plaintiffs' discovery thereof, Defendants have mailed, faxed, and engaged in other verbal communications, with and to a group of third parties in a manner that violates 15 USC Section 1692c(b) (concerning communications with third parties) and 15 USC Section 1692e(2)(1)(A), (concerning false representations of the character, amount, or legal status of any debt), and 15 U.S.C. Section 1692e(10), concerning "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

22. An exemplar letter that was sent by Defendants on or about July 11, 2001 to Physical Data Services is attached to the original complaint as Exhibit B, complete with the exhibits as mailed by Defendants Cook and Cook Perkiss & Lew, at the request and connivance of Defendants Yeo and Martini. Plaintiffs are informed and believe and allege on that basis that defendants sent out hundreds of similar such letters to other third parties. Plaintiffs do not have copies of the other letters sent out, and thus cannot particularlize the exact dates and places where the letters were sent out. Plaintiffs believe that all such letters were mailed out of the Cook, Perkiss and Lew law offices at 333 Pine Street, Suite 200,  San Francisco,

First Amended Complaint

California

23. The letters (exemplars were attached as Exhibit B, C and E to the original complaint) are false and misleading in that they falsely state that "The Superior Court has rendered a turnover order, which we provide, turning over all accounts, accounts receivable, and other rights, as the case may be, generated by Stephen Turner, or any entity of his behalf. Such entities include, but are not limited to, such entities under the name of "Western Paramedical Services," or any other entity, which he provides a service thereunder."  (Exhibit B, page 1, and see also the similar language in the exemplar letters attached to the original complaint as Exhibits C and E).

24.  The above quoted statements in the letter (Exhibit B) are false in that the Court never ordered any funds owing to Western Paramedical Services LLC to be paid over to Yeo and Martini. In fact Western Paramedical Services LLC was never served with any complaint or other judicial proceeding. Western Paramedical Services LLC is a Delaware limited liability company that Turner doesn't own or work for. It is a separate company that is not a debtor to the defendants' law clients, Yeo and Martini. Western Paramedical Services' certificate of formation is attached hereto as Exhibit F.

First Amended Complaint

11

25. The letter (Exhibit B) gives the false impression that a court has ordered such an assignment, which constitutes false representations of the character, amount, or legal status of any debt, and constitutes deception.  As of the filing of the original complaint herein, there was been no Court order stating the Western Paramedical are one and the same, or any Court order requiring any payments to Western Paramedical or other assets of Western Paramedical be paid over to Yeo and Martini. Since the filing of this complaint, Cook, et al have filed with the present court a document purporting to be a judgment that connects Western Paramedical Services LLC to Stephen Turner. However this judgment is objected to on the grounds previously submitted by plaintiffs, which will not be restated here except by this reference.  As per those objections, the judgment should have zero res judicata/collateral estoppel effect.  The letters sent by defendants Cook, Cook, Perkiss and Lew, and with the help and connivance of defendants Yeo and Martini, are thus also false in that they give the improper, incorrect and deceptive impression that Stephen Turner, M.D. and Western Paramedical Services LLC are one and the same. In fact they are not one and the same.

26.  The letters state to the recipient that "we notify you that all checks, drafts . . due Stephen Turner or any entity on his behalf for whom he performs services, shall be turned over to Ah Beng Yeo and E.A. Martini" and that "failure to honor this demand may result in your liability for double payment." (Exhibit B, page 1, and see the similar language in the exemplar letters attached as Exhibits C and E).

First Amended Complaint

27.  The forgoing language from the letter (Exhibit B) misrepresents the legal status of the debt. There is no order requiring Western Paramedical Services LLC or its creditors to pay over any sums to Yeo and Martini. There has been no finding by a court as to any responsibility of Western Paramedical Services LLC to pay over any such funds to defendants law clients, except for the judgment recently submitted by defendants, which plaintiffs object to on the basis as a previously submitted herein.  Western Paramedical Services is a separate entity not owned by Stephen Turner, and has no responsibility, legally or otherwise, to pay debts of Stephen Turner.  The letters (Exhibits B, C and E) give the false impression that any trade debtor to Western Paramedical Services LLC had some type of legal duty, under pain being subjected to double payment, to pay over sums owed to Western Paramedical Services LLC over to Defendants law clients, and gave the further false impression that the legal status of this requirement was that of a court order.

28.  Defendants sent other similar letters to third parties during August and September of 2000, which plaintiffs didn't discover or learn about until after October 24, 2000, when Stephen Turner was served with a complaint in intervention filed by one of the third party recipients, The Travelers Insurance Company ("Travelers."). Travelers filed a "Complaint to Interplead Funds" on October 24, 2000, Contra Costa County Superior Court Action No. C00-04505.

First Amended Complaint

13

29.  The interpleader action  attached an August 4, 2000 letter by defendants, which is attached hereto as Exhibit C.  A copy of the Travelers Summons and Complaint, without exhibits, is attached to the original complaint as Exhibit D. Plaintiff Stephen Turner was mail served (which does not constitute legal service) with this Summons and Complaint (Exhibit D) on a date after October 24, 2000, and at that time first discovered that the defendants had sent out the August 4, 2000 letter (Exhibit C). Western Paramedical Services LLC was never served with the complaint. After Travelers mail served the complaint, it later went ahead and paid the amount in controversy over to Western Paramedical Sevices LLC, and filed a request for default against Western Paramedical Services LLC stating that it claimed zero dollars in damages from it. Western Paramedical Services never responded to the complaint because it had been paid, and thus had no pecuniary interest in the amount, and because it had never been served with the summons and complaint.

30.  A further exemplar letter sent by Defendants during September 20, 2000 to a third party and not discovered by plaintiffs until after October 24, 2000, is attached to the original complaint as Exhibit E.

First Amended Complaint

31.  A further third party communication made by Cook and Cook, Perkiss and Lew, with the assistance and actual involvement of Yeo and Martini, during the period December 2000-February 2001, to a paramedical services company  called AMSA.  Cook sent AMSA numerous letters and faxes, and had numerous telephone discussions with them, in which  Cook instructed AMSA to pay any sums owed by AMSA to Western Paramedical Services LLC over to Cook's law clients, Yeo and Martini.

32.  By sending the above letters to third parties, Defendants have also committed a series of unfair debt collection practices within the meaning of 15 USC Section 1692f(1) (concerning "the collection of any amount . . .unless such amount is expressly authorized by the agreement creating the debt or permitted by law", and 15 U.S.C Section 1692f(6), concerning "taking or threatening to take any  judicial action to effect dispossession or disablement of property if--(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or ( C)  the property is exempt by law from such dispossession or disablement."

33.  As a result of the mailings to third parties, several of the third parties have sent money to the defendants. Plaintiff does not know the exact amount and exact dates

First Amended Complaint

of these occurrences, but on information and belief states that the payments were received by defendants within one year of the filing of this complaint. These monies constitute the "collection of any amount . . .unless such amount is expressly authorized by the agreement creating the debt or permitted by law", a violation of 15 USC Section 1692f(1).

34.  The defendants' letters (Exhibits B, C and E) intentionally create the false and deceptive impression that there is a court order or other legal obligation to turnover any funds owing to Western Paramedical Services LLC to defendants law client constitutes a "taking or threatening to take any judicial action to effect dispossession or disablement of property if--(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or ( C) the property is exempt by law from such dispossession or disablement," and as such violates 15 USC Section 1692f(6).

35.  Within one year of the filing of this complaint, and/or one year from Plaintiffs discovery, Defendants have conducted mass mailings to third parties, which constitutes a violation of the unfair practices provisions of 15 USC Section 1692e(3) and 1692e(9), because the mass mailed letters create the misleading impression that the communications were from an attorney when, in fact, they were not really from an attorney in any meaningful sense of the word. The list of

First Amended Complaint

16

addresses which Plaintiffs have obtained is attached to the original complaint as Exhibit J, and shows at least a partial list of people and firms that have received improper third party communications from defendants. Plaintiff did not discover the mass mailings until Stephen Turner was served with the Travelers Complaint after October 24, 2000.

36. Yeo and Martini were instrumental in developing, sourcing, compiling and furnishing the list of insurance companies and related service entities to Cook and Cook, Perkiss & Lew. Yeo and Martini were thus directly involved in the mass mailing, knowing full well that Cook would use the information for debt collection purposes.

37. During November of 2000, Defendant David Cook and Cook, Perkiss & Lew committed an egregious violation of 15 USC Section 1692d, concerning a prohibition of conduct to "harass, oppress, or abuse any person in connection with the collection of a debt", and Section 1692f(6), concerning an improper threat to take judicial action to effect dispossession or disablement of property. During a November, 2000 telephone discussion between David J. Cook and Plaintiff Stephen Turner, David Cook stated to Turner: "You dirty Jew, I'll take everything away from you." A copy of a letter written by Dr. Turner to the FBI (re hate crimes) is attached to the original complaint as Exhibit G, and documents the

First Amended Complaint

17

phone call.

38.  During August of 2001, Defendants violated 15 USC Section 1692d,

concerning a prohibition of conduct to "harass, oppress, or abuse any person in

connection with the collection of a debt" by improperly serving Stephen Turner

and Susana Turner with ten copies of a notice of lis pendens concerning real

property located at 4225 Twilight Court, Hayward, California.  Whatever right the

defendants may have had to serve Turner with a notice of lis pendens was clearly

violated by serving him with ten copies. This activity of sending him ten copies

constitutes harrassment, oppression and abuse.  Susana Turner also received these

copies, and the minor children saw them. During January 2002, Defendants

repeated this course of conduct by serving Stephen Turner and Susana Turner with

four additional copies of a lis pendens concerning the property located at 4225

Twilight Ct, Hayward, CA. Defendants have also repeatedly sent Stephen Turner

materials addressed to Real Investment Capital Holdings LLC, even though they

know that Turner is not the registered agent for service of process, and that Turner

is not an employee, officer or member (owner) of the LLC. Turner has repeatedly

returned such envelopes back to Cook, with handwritten notes advising him not to

send such correspondence in the future. Cook regularly ignores this request by

Stephen Turner, and in the most recent example of January, 2002, send further

(unopened) correspondence for Real Investment Capital Holdings LLC directly to

Stephen Turner.

First Amended Complaint

18

39.  Within a year of the filing of this complaint, Defendants violated 15 USC Section 1692d, concerning a prohibition of conduct to "harass, oppress, or abuse any person in connection with the collection of a debt" by improperly serving Stephen Turner and Susan Turner and the children with a series of documents meant for Real Investment Capital Holdings LLC, a Nevada limited liability company, which has a registered agent for service of process. Stephen Turner is not an owner or officer of Real Investment Capital Holdings LLC, and repeatedly advised David Cook that it was improper for Mr. Cook to constantly be serving Turner with documents meant for Real Investment Capital Holdings. Cook ignored Stephen Turner's repeated requests to cease and desist from such improper service. As a result of Cook's conduct, Turner would often find three to four copies of one set of moving papers in a litigation matter piled up against Turner's residence. This piling up of multiple copies of court papers constitutes conduct to "harass, oppress, or abuse any person in connection with the collection of a debt" within the meaning of 15 USC Section 1692d.

40.  This conduct of piling up moving papers and other legal papers took place during the period November, 1999 through to the present. Letters dated June 6, 2001, June 20, 2001, and June 1, 2001 confirming this practice are attached to the original complaint as Exhibit K.

First Amended Complaint

41. During the course of litigating the June, 2001, Contra Costa County
improper fraudulent conveyance action, Cook and Cook, Perkiss & Lew
made numerous court filings which contained untrue, false, deceptive and
improper statements. For example, in the June 2001 Memorandum of
Points and Authorities in support of motion for receivership, Cook
improperly filed copies of police reports concerning a prior criminal
conviction against Turner.  This filing of a police report was improper
because of the confidentiality of police reports, and because it had no
bearing or place in the fraudulent conveyance action.  Cook also
improperly alluded to a misdemeanor conviction for Penal Code Section
415 in the receiver ship papers, but failed to mention that in fact the
conviction had been duly set aside and expunged. Cook also inaccurately
stated that Real Investment Capital Holdings was not a California LLC,
whereas in fact Steven Turner M.D. had advised Cook on numerous
occasions that Real Investment was a Nevada LLC. Cook referred to the
family trust, called the Golden Gate Trust, as a "collusive trust", which is
completely false. The Golden Gate trust is a fully legal trust.

First Amended Complaint

20

42. More recently, during December, 2001, Cook and Cook Perkiss & Lew, with the help and connivance of Yeo and Turner, again filed the same police reports within the Turner's divorce action in Alameda County. Yeo and Turner were seeking to intervene in that action and vacate the divorce judgment, so they could litigate in that action the fraudulent conveyance issues regarding the transfer of the residence located at 4225 Twilight Ct, Hayward, CA. Yeo and Turner also filed in that action a copy of a highly private and confidential California Administrative Law Board's Statement of Findings and decisions with respect to Stephen Turner, M.D.'s license to practice medicine in the State of California. The document is identified here, but not attached (for privacy reasons) as: Before the Division of Medical Quality Medical Board of California, Department of Consumer Affairs, state of California, In the Matter of the Accusation and Petition to Revoke Probation against: Stephen Brian Turner, MD, Action No. D-5364, OAH No. N-9311073, dated April 18, 1994, and signed by Michael C. Cohn, Administrative Law Judge. This Administrative Law document contains a series of highly confidential psychological findings concerning Dr. Turner, and findings regarding misconduct of Dr. Turner that lead to Dr. Turner's resigning his license to practice medicine. The findings had absolutely nothing to do with the issue of whether the subject conveyance of real property was a fraudulent conveyance. The misconduct at issue in the medical review process concerned sexual misconduct. During the

First Amended Complaint

hearing on the motion to intervene, the Alameda County Superior Court ruled (Judge Arnold H. Gold, Presiding) that the police reports of the PC 415 issue and the California Medical Board document were irrelevant and sustained Turners objections thereto.  Cook only filed them in an effort to harass, humiliate and embarrass Turner, as part and parcel to his overall bad faith in violating the debt collection practices act. Cook's only theory of relevancy was stated in his declaration in support of the medical review board, which stated: "For the court's information, Declarant attaches the findings of the division of the Medical Board of California, Department of Consumer Affairs, which gives the general "flavor" of Mr. Turners conduct, marked and Exhibit "C" and incorporated by reference."  This theory shows that the overall intent of defendants was  to harass, humiliate and embarrass Turner.

42.  The above statements and filings made in court proceedings are not subject to the usual litigation privilege because the entire lawsuit itself is improper in that under federal law such a case must be brought in Alameda County, where the real property is situated, and where the debtor is situated.  In addition, the above statements are not subject to a litigation privilege because they are dishonest and improper attempts to humiliate and embarrass Turner.  The interjection of police reports had no bearing at all on the issues regarding a fraudulent conveyance. The letters sent by Cook to collect funds owing to Western Paramedical Services LLC

First Amended Complaint

are fraudulent, and constitute attorney deceit, and are thus not within any applicable litigation privilege.

43.  During August, 2001, Cook and Cook, Perkiss and Lew filed papers in support of a new proceeding in Alameda County Superior Court, and OSC re sale of residence.  In the moving papers, Cook falsely stated that the real property was transferred during 1998 "for no consideration."  This is a totally false statement. The 1998 conveyance was to place ownership of the real property into Real Investment Capital Holdings LLC. The trust was the owner of the property, and transferred it into the Real Investment LLC, and in return received the membership shares of the LLC. Cook also referred to Real Investment Capital Holdings as a "fictitious entity" when in fact it was a real legal entity.

44.  As a proximate result of defendants intentional and knowing violations of the Fair Debt Collection Practices Act, 15 USC Section 1692 et seq, plaintiffs Stephen Turner, Susana Turner, and their children have each and all suffered personal injury and general compensatory damages in terms of ordeal, turmoil, emotional distress, and other compensatory damages in excess of $1 million each, for total damages of $5 million, but according to proof during the time of trial.  Susana Turner and Stephen Turner both have prospective economic relations with Western Paramedical Services LLC that have been interfered with by defendants mass mailing of letters, which has proximately caused them both damages

First Amended Complaint

23

according to proof. Stephen Turner has been employed by Western Paramedical Services LLC to perform paramedical services (drawing blood and performing other tests in connection with life insurance application investigations).  Susana Turner is the general manager of Western Paramedical Services LLC. If Western Paramedical Services is injured, then it becomes unable to pay the Turners any salaries or wages.

45.  Plaintiffs also request additional damages available under 15 USC Section 1692K(a)(2)(A) (permitting additional damages as the court may allow, but not exceeding $1000 per occurrence). Plaintiff request the full $1000 for each letter, verbal or other communication and further violations of the act.

46.  Plaintiff requests attorneys fees incurred herein, as allowed under  15 USC Section 1692K(a)(3).

47.  Defendants conduct is continuing through to the present. Plaintiffs are without adequate legal remedies, and will suffer irreparable injury unless injunctive relief is given requiring defendants to stop sending improper third party communications, to stop harassing and abusing plaintiffs, and to enjoin defendants from any further prosecution and to dismiss the pending Contra Costa County Superior Court Action No. 99 04095, to enjoin the other alleged violations of the act, and such other equitable and injunctive relief as the Court deems just and

First Amended Complaint

proper.

WHEREFORE plaintiffs pray for relief as set forth below.

IV.
SECOND CLAIM FOR RELIEF
FOR VIOLATION OF THE RICO ACT
[18 U.S.C. Section 1961]

48. The allegations of paragraphs 1-47 are incorporated herein as though set

out in full. The Exhibits attached to the original complaint are incorporated

herein as well.

49. This is an action by Plaintiffs Susana Turner, Stephen Turner, David

Turner, Daniel Turner, Deborah Turner and Western Paramedical Services

LLC against each and all of defendants David Cook, Cook, Perkiss &

Lew, Yeo and Martini, for violations of the Racketeer Influenced and

Corrupt Organizations Act (RICO), 18 U.S.C. Section 1961 et seq.  In

particular, defendants have violated 18 USC Section 1962(c), by being

employed or associated with an enterprise engaged in interstate commerce

and conducting or participating in the conduct of enterprise's affairs

through a pattern or racketeering activity, as further specified in this claim

for relief.  Yeo and Martini are further liable under 18 1962(d), for

conspiring with Cook, and Cook, Perkiss & Lew.

First Amended Complaint

25

50.  Defendants engaged in the following predicate acts which constitute the

predicate acts of  Racketeering Activity within the meaning of 18 U.S.C.

Sections 1961 under this claim for relief:  mail fraud, wire fraud,

obstruction of justice.

51.  The Mail Fraud was committed since 1998, and through to the present, and

includes the exemplar letters sent out by Cook, Cook, Perkiss & Lew , and thre

request and connivance of Yeo and Martini, attached to the original complaint as

Exhibits B (July 11, 2001), Exhibit C (August 4, 2000), Exhibit E (September 20,

2000).  Plaintiffs do not know the dates of the most recent letters, and will have to

await the discovery process to determine the exact dates of each of the other letters

sent by defendants. Plaintiffs believe that other similar letters were sent at other

times not now known to plaintiffs, to the list of recipients in the mailing list

attached as Exhibit J to the complaint, which have about 85 recipients listed.

There is also a further list of recipients that plaintiffs will produce during the

discovery process. These letters are fraudulent in that they falsely state that the

subject turnover order requires creditors of Western Paramedical Services to pay

over the amounts owed to Yeo and Martini, c/o Cook, Cook Perkiss & Lew.  The

letters were sent from Cook's law office at 333 Pine Street, Suite 200, San

Francisco, California, on the dates indicated on the letters, and on such other dates

First Amended Complaint

of other letters sent by Cook to the list attached as Exhibit J.

52. The wire fraud consists of follow up phone discussions and faxes between Yeo, Martini, Cook, or other members of the Cook, Perkiss and Lew law office, and recipients of the letters. Plaintiffs do not know the exact dates of these telephone discussions, and the name of the person that made the follow up discussions, but believe it to be Mr. Cook.   Plaintiff Stephen Turner has learned that the following groups experienced follow up phone discussions and faxes from Cook's office:  Travelers, Insurance, Conseco Life Insurance, Lincoln Benefit Life Insurance Co,. AMSA Paramedical Company, Transamerica Company.  These recipients of Cook's mailers also experienced follow up phone calls to them, inquiring if they would honor the statement in Mr. Cook's letters to pay over sums owing to Western Paramedical over to Yeo and Martini, c/o Cook, of Cook Perkiss and Lew.  Plaintiff believes the dates of the follow up phone calls would be within a month of the date of the subject letters, including the letters sent to the recipients listed on Exhibit J and other recipients that are listed in another list obtained from defendants themselves that plaintiffs will provide during the discovery process.

53. The obstruction of justice predicate act arises from the same letters as specified in the mail fraud allegations. The letters themselves knowingly deceive the recipients about the impact and wording of a Court order, and constitute the crime of attorney deceit (California Business and Professions Code, Section 6128).

First Amended Complaint

54.  The acts of mail fraud, wire fraud, and obstruction of justice have been continuous since the filing of the subject turnover order (dated July 18, 2000, through to the present.  The acts of mail fraud, wire fraud, and obstruction of justice have been many, and include at least one incident of a mailing to each of the recipients shown in the mailing list attached as Exhibit J to the original complaint, as well as the recipients identified in Exhibits B, C and E to the original complaint, plus follow up telephone calls to all or some of such recipients. Plaintiff believes that Cook, of Cook, Perkiss and Lew, at the request and connivance of Yeo and Martini, have sent out letters to approximately 100 recipients. Plaintiff believes that there are other recipients that aren't listed on the mailing list attached as Exhbit J, including those listed in other mailing lists previously provided to plaintiffs by defendants.

55. The mail fraud, wire fraud and obstruction of justice had an impact on interstate commerce, and used interstate commerce facilities of the mails and telephone wires, by contacting through the mails and the telephone the various recipients of the letters, which are located throughout the United States, and including outside the State of California, where the letters and phone calls originated.

First Amended Complaint

56.  The many letters and follow up telephone calls and faxes, constitute a pattern of racketeering conduct.

57. The organization or enterprise that carried on these predicate acts is the law office of Cook Perkiss & Lew, which is comprised of three partners, David Cook, Robert Perkiss and Deborah Lew.  The law office is a California Corporation with a principle office at 333 Pine Street, Suite 200, San Francisco, California.  Yeo and Martini were working with the law office, as co conspirators, aiders and abetters, by for example providing Cook with the mailing list attached at Exhibit J to the original complaint, and assisting in the overall effort to contact the various insurance companies listed on Exhibit J and on other similar lists of recipients. The law office has a normal practice of legitimate practice of debt collection, but also conducted the racketeering activities discussed herein. The defendants were motivated by a desire to collect on a judgment against Stephen Turner in favor of Yeo and Martini, and were overtaken by that desire.

58.As a proximate cause and result of the defendants violation of the RICO Act, plaintiffs suffered loss of money in that funds due to be paid to Western Paramedical Services were re routed and paid over to Yeo and Martini, c/o Cook, Perkiss and Lew.  Had these funds been paid over to Western Paramedical Services LLC, they would have become available to pay wages and salaries over to plaintiffs. Plaintiffs also lost  intangibles, including the prospective economic advantage of developing the fledgling business of Western Paramedical Services

First Amended Complaint

into a viable business entity, and the intangibles attendant thereto, including the

prospects of continued and lucrative employment with Wesertern Paramedical

Services LLC. Western Paramedical suffered direct losses of these funds. Western

Paramedical Services also lost the intangible detriment of having its customer

based interrupted and confused by the mailers, which caused a slowdown in its

ability to collect on amounts due to it, and caused problems with keeping

customers that were recipients of the mailers.  The Turner children are plaintiffs in

that Western Paramedical Services LLC is owned by the Golden Gate Trust, which

they are the beneficiaries of.  Plaintiffs do not know the exact level of damages,

and request compensatory damages pursuant to 18 U.S.C. Section 1964(c)

according to proof, but in excess of $1 million dollars.

59.  Plaintiffs request trebling of damages pursuant to the RICO Act,

18 U.S.C. Section 1964(c)

60.  Plaintiffs request attorneys fees pursuant to the RICO Act, 18 U.S.C.

Section 1964(c).

61.  Plaintiffs request all available injunctive relief pursuant to 18 U.S. C

Section 1964( c), and pursuant to the Court's equitable powers, requiring

First Amended Complaint

defendants to cease and desist from their mailers and follow-up phone calls

and faxes, and such other orders as the Court deems just and appropriate and as

are expressly authorized under 18 U.S.C. Section 1964 (c), and as the Court

has further authority to issue under its equitable powers. Unless injunctive

relief is given, plaintiff will be without an adequate legal remedy and will

suffer irreparable harm.

WHEREFORE plaintiffs pray for relief as set forth below.

IV.
THIRD CLAIM FOR RELIEF
STATE TORT ACTION FOR INTENTIONAL INFLICTION
OF EMOTIONAL DISTRESS

62.  This is a state tort claim by plaintiffs Stephen Turner and Susana Turner and

their three children against Defendants David J. Cook and Cook, Perkiss & Lew

and their law clients, Yeo and Martini.

63.  The allegations of paragraphs 1-47 are incorporated herein.

64.  The conduct of defendants was extreme and outrageous, and was done with

the actual intent to inflict emotional distress onto Stephen Turner and Susana

Turner and their three children.

First Amended Complaint

65. As a proximate cause of defendants intentional infliction of emotional distress, Plaintiffs Stephen Turner, Susana Turner and their three children have suffered extreme emotional distress and general damages in excess of $1 million each, for total damages of $5 million, but according to proof during the time of trial.

66. Defendants' conduct was willful, intentional and oppressive, and warrants the imposition of punitive and exemplary damages in amount according to proof.

67. Defendants conduct is continuing through to the present. Plaintiffs are without adequate legal remedies, and will suffer irreparable injury unless injunctive relief is given requiring defendants to stop sending improper third party communications, to stop harassing and abusing plaintiffs, and to stop the other alleged violations of the act, and such other equitable and injunctive relief as the Court deems just and proper.

WHEREFORE Plaintiffs pray for relief as set forth below.

First Amended Complaint

V.
FOURTH CLAIM FOR RELIEF FOR VIOLATIONS
OF CALIFORNIA UNFAIR COMPETITION ACT


[against all defendants]


68.   This is an action by plaintiffs Stephen Turner, Susana Turner, and Western

Paramedical Services LLC against defendants David J. Cook and Cook, Perkiss

and Lew, and Yeo and Martini for violations of California Unfair Competition

Act, Business and Professions Code Section 17200 et seq.


69.  The allegations of paragraphs 1-47 are incorporated herein.


70.  Defendants conduct violates the California Unfair Competition Act, Business

and Professions Code Section 17200, in that it constitutes business conduct that is

illegal, unfair, deceptive, and oppressive.


71.  As a proximate result of defendants violations of the California Unfair

Business Practices Act, plaintiffs have suffered harm and damages.


72.  Plaintiffs request that defendants be required to establish and fund a

restitutionary fund to put any funds received from creditors of Western

First Amended Complaint

33

Paramedical Services LLC, for transfer back to Western Paramedical Services
LLC.

73.  Plaintiffs request that the defendants be enjoined from any further such
conduct that is unfair, deceptive, illegal, and oppressive.

74. Plaintiffs request attorneys fees according to the California Competition Act.

75.  Plaintiffs request any other available equitable and/or legal remedies under the
California Unfair Competition Act.

WHEREFORE plaintiffs pray for relief as set forth below.

First Amended Complaint

VI.
FIFTH CLAIM FOR RELIEF FOR
STATE TORT INVASION OF PRIVACY
AND VIOLATION OF RIGHT TO PRIVACY

76.  This is a state tort action by Stephen Turner, M.D. only against Defendants

Cook and Cook, Perkiss and Lew and Yeo and Martini.

77.  During June, 2001, Cook and Cook, Perkiss and Lew, at the request and with

the connivance of Yeo and Martini, violated Plaintiff Stephen Turner M.D.'s right

to privacy by disclosing as an attachment to a motion for receivership in the

Contra Costa County Fraudulent conveyance action a copy of a police report

concerning a now set aside and expunged conviction for Penal Code Section 415.

71.  The Police report contains private facts and information which Turner does

not want generally exposed in a public court document.

72.  The police report contains facts for which Turner enjoys a right to privacy

under the California Constitution, Art. I, Section 1.

73. Cook and Cook, Perkiss & Lew filed the police report with the intent to

embarrass, humiliate and harass plaintiff Turner. The police report has no bearing

on the fraudulent conveyance or receivership motion, and is not subject to the

litigation privilege.

First Amended Complaint

74. More recently, during December, 2001, Cook and Cook Perkiss & Lew, at the request and with the help and connivance of Yeo and Turner, again violated Turner's right to privacy by intentionally filing the same police reports within the Turner's divorce action in Alameda County. Yeo and Turner were seeking to intervene in that action and vacate the divorce judgment, so they could litigate in that action the fraudulent conveyance issues regarding the transfer of the residence located at 4225 Twilight Ct, Hayward, CA. Cook of Cook, Perkiss and Lew, at the request of and with the connivance of Yeo and Turner, also violated Turner's right to privacy by intentionally filing filed in that action a copy of a highly private and confidential California Administrative Law Board's Statement of Findings and decisions with respect to Stephen Turner, M.D.'s license to practice medicine in the State of California. The document is identified here, but not attached (for privacy reasons) as: Before the Division of Medical Quality Medical Board of California, Department of Consumer Affairs, state of California, In the Matter of the Accusation and Petition to Revoke Probation against: Stephen Brian Turner, MD, Action No. D-5364, OAH No. N-9311073, dated April 18, 1994, and signed by Michael C. Cohn, Administrative Law Judge. This Administrative Law document contains a series of highly confidential psychological findings concerning Dr. Turner, and findings regarding misconduct of Dr. Turner that lead to Dr. Turner's resigning his license to practice medicine. The findings had absolutely nothing to do with the issue of

First Amended Complaint

whether the subject conveyance of real property was a fraudulent conveyance. The misconduct at issue in the medical review process concerned sexual misconduct.  During the hearing on the motion to intervene, the Alameda County Superior Court ruled (Judge Arnold H. Gold, Presiding) that the police reports of the PC 415 issue and the California Medical Board document were irrelevant and sustained Turners objections thereto.  Cook only filed them in an effort to harass, humiliate and embarrass Turner, as part and parcel to his overall bad faith in violating the debt collection practices act. Cook's only theory of relevancy was stated in his declaration in support of the medical review board, which stated: "For the court's information, Declarant attaches the findings of the division of the Medical Board of California, Department of Consumer Affairs, which gives the general "flavor" of Mr. Turners conduct, marked and Exhibit "C" and incorporated by reference."  This theory shows that the overall intent of defendants was  to harass, humiliate and embarrass Turner.

75.  As a proximate result of defendants' violation of plaintiffs right to privacy and invasion of privacy, plaintiff Steven Turner, M.D. has suffered general damages in excess of $1 million but according to proof.

First Amended Complaint

37

76. Defendants conduct in attaching the police report and medical review administrative law findings to legal proceedings was intentional, oppressive, and wanton, and justifies the imposition of exemplary and punitive damages in an amount according to proof.

WHEREFORE plaintiffs, and each of them, pray for the following relief:

1.  For Judgment in plaintiffs' favor as to all causes of action.

2.  As to the first claim for relief, for compensatory and general damages in the amount of $1 million for each plaintiff, for a total of $5 million, or according to proof during the time of trial, and for such additional damages permitted by the court; for punitive damages according to proof; for injunctive relief as requested, and for attorneys fees according to proof.

3. As to the second claim for relief, for compensatory damages according to proof but in excess of $1 million, trebled, and for attorneys fees and injunctive relief, as authorized under 18 U.S.C. Section 1964(c).

4. As for the third claim for relief, for compensatory and general damages in the amount of $1 million for each plaintiff, for a total of $5 million, or according to proof during the time of trial; for punitive damages against defendants David Cook

First Amended Complaint

and Cook, Perkiss and Lew, and Yeo and Martini, in an amount according to proof; and for injunctive relief as requested.

5.  As for the fourth claim for relief, for injunctive relief as requested, for the establishment of a restitution fund requiring defendants to return to Western Paramedical Services LLC any funds received by defendants from any debtors of Western Paramedical Services LLC, and for any other equitable and or legal relief as permitted by the Court, and for attorneys fees according to proof.

6.  As for the fifth claim for relief, for compensatory and general damages to Stephen Turner against Cook, and Cook Perkiss and Lew and Yeo and Martini in the amount of $1 million but according to proof, and for punitive damages in an amount according to proof, and for injunctive relief as requested.

Respectfully Submitted,

Law Offices Of Herman Franck

_____               Date: January __, 2002
By: Herman Franck, Esq. (SB#123476)
Attorney for Plaintiffs Stephen Turner et al

First Amended Complaint

JURY TRIAL DEMAND


Plaintiffs hereby demand trial by jury as to all claims for relief for which a jury

trial is available.


Respectfully Submitted,

Law Offices Of Herman Franck


_____                    Date: January __, 2002
By: Herman Franck, Esq. (SB#123476)
Attorney for Plaintiffs Stephen Turner et al


First Amended Complaint

LIST OF EXHIBITS TO ORIGINAL COMPLAINT
[Referenced here, but not attached due to E-Filing Issues]


Exhibit A:     Judgment on Jury Verdict, Contra Costa County Superior Court
               Action No. C97-03871, dated August 21, 1998.

Exhibit B:     July 11, 2001 Letter from Mr. Cook to Physical Data Services

Exhibit C:     August 4, 2000 letter to Travelers Insurance Co.

Exhibit D:     Summons and Complaint, Travelers Interpleader Action, Contra
               Costa County Superior Court Action No. C00-04505

Exhibit E:     September 20, 2000 letter from Mr. Cook to Western Paramedical
               Services LLC

Exhibit F:     Western Paramedical Services LLC Certificate of Formation

Exhibit G:     April 16, 2001 letter by Stephen Turner, M.D. to FBI

Exhibit H:     Golden Gate Trust dated June 30, 1995

Exhibit I:     Contra Costa County Fraudulent Conveyance Action, Action No.
               C99-04095

Exhibit J:     Mass Mailing List of Addressees

Exhibit K:     Series of Letters from Mr. Cook


First Amended Complaint