1   **DAVID J. COOK, ESQ. (State Bar # 060859)**
    **ROBERT J. PERKISS, ESQ (State Bar # 62386)**
2   **DEBRA D. LEW, ESQ. (State Bar # 114537)**
    **COOK, PERKISS & LEW**
3   **A PROFESSIONAL LAW CORPORATION**
    333 Pine Street, Suite 300
4   San Francisco, Califomia 94104
    Tel: (415) 989-4730
5   Fax: (415) 989-0491
    File No. 44,765
6
    Attorneys for Defendants
7   DAVID J. COOK, ESQ., COOK PERKISS & LEW,
    a PROFESSIONAL LAW CORP., AH BENG YEO
8   and E.A. MARTINI,

9                   UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                        OAKLAND OFFICE

12
    STEPHEN TURNER, M.D., SUSANA       )   CASE NO.  C 01 3884 CW
13  TURNER, on behalf of themselves and as )
    Guardian ad Litem for minor children )
14  DAVID TURNER, DANIEL TURNER,        )
    DEBORAH TURNER and WESTERN          )   NOTICE OF MOTION AND MOTION TO
15  PARAMEDICAL SERVICES LLC,           )   DISMISS PURSUANT TO F.R.C.P. 12(b)(6)
                                        )
16              Plaintiff,              )
                                        )
17  vs.                                 )
                                        )
18  DAVID J. COOK, ESQ., COOK           )
    PERKISS & LEW, a PROFESSIONAL       )
19  LAW CORP., AH BENG YEO and E.A.     )
    MARTINI,                            )   Date:   March 15, 2002
20                                      )   Time:   10:00 a.m.
    AND DOES I THROUGH X AND            )   Courtroom:   2
21  EACH OF THEM INCLUSIVE,             )
                                        )
22              Defendants.             )
    _____ )
23

24          TO PLAINTIFFS, AND TO EACH OF THE SAME, AND TO THEIR ATTORNEYS OF

25  RECORD:

26          PLEASE TAKE NOTICE that on the 15th day of March, 2002 at the hour of 10:00 a.m.,

27  before the Honorable Claudia Wilken, Judge of the United States District Court, in Courtroom 2,

28  whose address is 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants DAVID J.

NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6) - CASE NO. C 01 3884   1

COOK and COOK, PERKISS & LEW (hereinafter both referred to as "COOK") will and do hereby move this court to dismiss the Complaint, and all parts thereof, as set forth therein, pursuant to the following grounds:

### FIRST CLAIM FOR RELIEF

### VIOLATION OF FAIR DEBT COLLECTION PRACTICES

1. The allegations do not state a claim for which relief can be granted under the Fair Debt Collection Practices Act, under 15 U.S.C. Section 1692, on the basis that the indebtedness, howsoever defined, did not arise from family, personal, or household.

2. The conduct of Defendants COOK is subject to the absolute privilege under California Civil Code Section 47(b)(2).

3. Any relief on behalf of WESTERN PARAMEDICAL is barred on the basis that WESTERN PARAMEDICAL is not a consumer, and therefore, outside the scope of the Fair Debt Collection Practices Act.

4. Any relief on behalf of WESTERN PARAMEDICAL is barred by way of collateral estoppel in the action entitled *Blank v. Blank.*

### SECOND CLAIM FOR RELIEF - RICO

5. Any claim for relief under 18 U.S.C. Section 1961 is subject to the absolute bar on the basis that the conduct of Defendants COOK is privileged under Civil Code Section 47(b)(2).

### THIRD CLAIM FOR RELIEF

### INFLICTION OF EMOTIONAL DISTRESS

6. Any claim for relief for emotional distress is subject to the absolute bar on the basis that the conduct of Defendants COOK is privileged under Civil Code Section 47(b)(2).

### FOURTH CLAIM FOR RELIEF

### VIOLATION OF CALIFORNIA UNFAIR COMPETITION ACT

7. Any claim for relief under the California Unfair Competition Act is barred on the basis that the conduct of Defendants COOK is privileged under Civil Code Section 47(b)(2).

8. Any claim in favor of WESTERN PARAMEDICAL is barred on the basis that all claims have been precluded under the doctrine of collateral estoppel under the doctrine of *Blank v.*

1  *Blank.*

2      9. Any claim for WESTERN PARAMEDICAL is barred because WESTERN

3  PARAMEDICAL is not registered to do business in the State of California.

4                    **FIFTH CLAIM FOR RELIEF**

5              **STATE TORT INVASION OF PRIVACY**

6      10. Any claim for relief is barred on the basis that the conduct of Defendants COOK is

7  privileged under Civil Code Section 47(b)(2).

8      This motion is based on the grounds that the allegations, and each of the same, do not state

9  a basis upon which relief can be granted for the purported violation of the Fair Debt Collection

10 Practices Act, in that the claim or claims as set forth therein, arose out of a tort judgment, arising

11 out of the criminal conduct of STEVEN TURNER, perpetrated upon Defendants AH BENG YEO

12 and E.A. MARTINI, and each of the same, and the succeeding action(s) by which to collect the

13 judgment thereon, and file ancillary actions, including an action to vacate the fraudulent

14 conveyance thereunder.  Furthermore, all of the claims for relief, and each of the same, be and the

15 same are hereby barred under Califomia Civil Code Section 47(b)(2).

16      Furthermore, any claim on behalf of WESTERN PARAMEDICAL is barred because

17 WESTERN PARAMEDICAL is not authorized to do business in the State of California.

18 Furthermore, the Contra Costa County Superior Court adjudicated that WESTERN

19 PARAMEDICAL s rights are junior to the assignment order of these Defendants in the underlying

20 collection case.

21      This motion is based upon this Notice, the attached Memorandum of Points and

22 Authorities, all matters upon which the court may take judicial notice thereof, the  Complaint for

23 Damages and Injunctive Relief for Violation of the Fair Debt Collection Practices Act and state

24 Tort Related Actions,  and each of the same, and all oral evidence and argument which may be

25 presented at the hearing hereof.

26 ///

27 ///

28 ///

1    DATED:  February 6, 2002                COOK, PERKISS & LEW, P.L.C.

2

3                                            By:_____s/David J. Cook_____
                                                    DAVID J. COOK, ESQ.
                                             Attorneys for Defendants
4

5    f:\djc\turners.dismiss

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **DAVID J. COOK, ESQ. (State Bar # 060859)**
   **ROBERT J. PERKISS, ESQ (State Bar # 62386)**
2  **DEBRA D. LEW, ESQ. (State Bar # 114537)**
   **COOK, PERKISS & LEW**
3  **A PROFESSIONAL LAW CORPORATION**
   333 Pine Street, Suite 300
4  San Francisco, Califomia 94104
   Tel: (415) 989-4730
5  Fax: (415) 989-0491
   File No. 44,765
6
   Attorneys for Defendants
7  DAVID J. COOK, ESQ., COOK PERKISS & LEW,
   a PROFESSIONAL LAW CORP., AH BENG YEO
8  and E.A. MARTINI,

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                          OAKLAND OFFICE

12
   STEPHEN TURNER, M.D., SUSANA          )   CASE NO.  C 01 3884 CW
13 TURNER, on behalf of themselves and as )
   Guardian ad Litem for minor children   )
14 DAVID TURNER, DANIEL TURNER,          )
   DEBORAH TURNER and WESTERN            )   MOTION TO DISMISS PURSUANT TO
15 PARAMEDICAL SERVICES LLC,             )   F.R.C.P. 12(b)(6)
                                          )
16            Plaintiff,                  )
                                          )
17 vs.                                    )
                                          )
18 DAVID J. COOK, ESQ., COOK            )
   PERKISS & LEW, a PROFESSIONAL         )
19 LAW CORP., AH BENG YEO and E.A.      )
   MARTINI,                              )   Date:   March 15, 2002
20                                        )   Time:   10:00 a.m.
   AND DOES I THROUGH X AND              )   Courtroom:  2
21 EACH OF THEM INCLUSIVE,              )
                                          )
22            Defendants.                 )
   _____)
23

24        Defendants DAVID J. COOK and COOK, PERKISS & LEW (hereinafter both referred to

25 as   COOK  ) hereby move this court to dismiss the Complaint, and all parts thereof, as set forth

26 therein, pursuant to the following grounds:

27

28

1

**FIRST CLAIM FOR RELIEF**

2

**VIOLATION OF FAIR DEBT COLLECTION PRACTICES**

3      1.  The allegations do not state a claim for which relief can be granted under the Fair Debt

4  Collection Practices Act, under 15 U.S.C. Section 1692, on the basis that the indebtedness,

5  howsoever defined, did not arise from family, personal, or household.

6      2.  The conduct of Defendants COOK is subject to the absolute privilege under California

7  Civil Code Section 47(b)(2).

8      3.  Any relief on behalf of WESTERN PARAMEDICAL is barred on the basis that

9  WESTERN PARAMEDICAL is not a consumer, and therefore, outside the scope of the Fair Debt

10  Collection Practices Act.

11     4.  Any relief on behalf of WESTERN PARAMEDICAL is barred by way of collateral

12  estoppel in the action entitled *Blank v. Blank.*

13

**SECOND CLAIM FOR RELIEF - RICO**

14     5.  Any claim for relief under 18 U.S.C. Section 1961 is subject to the absolute bar on the

15  basis that the conduct of Defendants COOK is privileged under Civil Code Section 47(b)(2).

16

**THIRD CLAIM FOR RELIEF**

17

**INFLICTION OF EMOTIONAL DISTRESS**

18     6.  Any claim for relief for emotional distress is subject to the absolute bar on the basis that

19  the conduct of Defendants COOK is privileged under Civil Code Section 47(b)(2).

20

**FOURTH CLAIM FOR RELIEF**

21

**VIOLATION OF CALIFORNIA UNFAIR COMPETITION ACT**

22     7.  Any claim for relief under the California Unfair Competition Act is barred on the basis

23  that the conduct of Defendants COOK is privileged under Civil Code Section 47(b)(2).

24     8.  Any claim in favor of WESTERN PARAMEDICAL is barred on the basis that all

25  claims have been precluded under the doctrine of collateral estoppel under the doctrine of *Blank v.*

26  *Blank.*

27     9.  Any claim for WESTERN PARAMEDICAL is barred because WESTERN

28  PARAMEDICAL is not registered to do business in the State of California.

**FIFTH CLAIM FOR RELIEF**

**STATE TORT INVASION OF PRIVACY**

10.  Any claim for relief is barred on the basis that the conduct of Defendants COOK is privileged under Civil Code Section 47(b)(2).

This motion is based on the grounds that the allegations, and each of the same, do not state a basis upon which relief can be granted for the purported violation of the Fair Debt Collection Practices Act, in that the claim or claims as set forth therein, arose out of a tort judgment, arising out of the criminal conduct of STEVEN TURNER, perpetrated upon Defendants AH BENG YEO and E.A. MARTINI, and each of the same, and the succeeding action(s) by which to collect the judgment thereon, and file ancillary actions, including an action to vacate the fraudulent conveyance thereunder.  Furthermore, all of the claims for relief, and each of the same, be and the same are hereby barred under Califomia Civil Code Section 47(b)(2).

Furthermore, any claim on behalf of WESTERN PARAMEDICAL is barred because WESTERN PARAMEDICAL is not authorized to do business in the State of California. Furthermore, the Contra Costa County Superior Court adjudicated that WESTERN PARAMEDICAL s rights are junior to the assignment order of these Defendants in the underlying collection case.

This motion is based upon this motion, the Notice, the attached Memorandum of Points and Authorities, all matters upon which the court may take judicial notice thereof, the  Complaint for Damages and Injunctive Relief for Violation of the Fair Debt Collection Practices Act and state Tort Related Actions,  and each of the same, and all oral evidence and argument which may be presented at the hearing hereof.

DATED:  February 6, 2002                    COOK, PERKISS & LEW, P.L.C.


By:_____s/David J. Cook_____
          DAVID J. COOK, ESQ.
       Attorneys for Defendants

f:\djc\turners.dismiss

1  **DAVID J. COOK, ESQ. (State Bar # 060859)**
   **ROBERT J. PERKISS, ESQ (State Bar # 62386)**
2  **DEBRA D. LEW, ESQ. (State Bar # 114537)**
   **COOK, PERKISS & LEW**
3  **A PROFESSIONAL LAW CORPORATION**
   333 Pine Street, Suite 300
4  San Francisco, Califomia 94104
   Tel: (415) 989-4730
5  Fax: (415) 989-0491
   File No. 44,765
6
   Attorneys for Defendants
7  DAVID J. COOK, ESQ., COOK PERKISS & LEW,
   a PROFESSIONAL LAW CORP., AH BENG YEO
8  and E.A. MARTINI,

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                        OAKLAND OFFICE

12
    STEPHEN TURNER, M.D., SUSANA      )    CASE NO.  C 01 3884 CW
13  TURNER, on behalf of themselves and as )
    Guardian ad Litem for minor children    )
14  DAVID TURNER, DANIEL TURNER,     )
    DEBORAH TURNER and WESTERN      )    MEMORANDUM OF POINTS AND
15  PARAMEDICAL SERVICES LLC,          )    AUTHORITIES IN SUPPORT OF NOTICE OF
                                        )    MOTION AND MOTION TO DISMISS
16              Plaintiff,              )    PURSUANT TO F.R.C.P. 12(b)(6)
                                        )
17  vs.                                 )
                                        )
18  DAVID J. COOK, ESQ., COOK         )
    PERKISS & LEW, a PROFESSIONAL    )
19  LAW CORP., AH BENG YEO and E.A. )
    MARTINI,                          )
20                                      )
    AND DOES I THROUGH X AND         )    Date:   March 15, 2002
21  EACH OF THEM INCLUSIVE,          )    Time:   10:00 a.m.
                                        )    Courtroom:  2
22              Defendants.            )
    _____ )
23
                    I.  **INTRODUCTION**
24
             STEPHEN TURNER engaged in a campaign of unbelievable terror upon Defendants YEO
25
    and MARTINI, leading to their filing of a tort action in the Contra Costa County Superior Court,
26
    State of California, which led to a jury trial, in which the jury awarded YEO and MARTINI (tort
27
    claimants) approximately $1,000,000 based upon the 1998 Judgment which is attached hereto
28

marked *Exhibit  A*  and incorporated by reference.[1]

YEO and MARTINI thereafter retained David J. Cook and Cook, Perkiss & Lew, hereinafter collectively  Defendant Attorneys  and/or  COOK.  Defendant Attorneys obtained an order for assignment of rights under C.C.P. § 708.510, a copy of which is attached hereto marked *Exhibit  B*  and incorporated by reference.  The levy reached all accounts and accounts receivable, rights to payment of money due STEPHEN TURNER, arising out of the rendition of insurance medical examinations.  (See Exhibit  B. )

Thereupon, on October 24, 2000, Travelers Insurance Company, one of the insurance companies, filed an action in interpleader, a copy of the Complaint is attached hereto marked *Exhibit  C*  and incorporated by reference.  This led ultimately to a Judgment, after the default of  WESTERN PARAMEDICAL  having been taken, a copy of the Judgment is attached hereto marked *Exhibit  D*  and incorporated by reference.

Thereupon, Defendants commenced the process of attempting to effectuate collection, including a levy upon the Plaintiffs  residential real property, among other efforts to collect.

Among these efforts is the filing of a fraudulent conveyance action to set aside the conveyance of the residential real property of 4225 Twilight Court from Plaintiff (and his former spouse, allegedly) to REAL INVESTMENT CAPITAL HOLDINGS, a Nevada LLC.

Based upon this conduct, Plaintiffs have now filed a multi-claim Complaint, Amended, seeking purported damages for the violation of the Fair Debt Collection Practices Act, RICO, and various state court claims.

## II.  UNDERLINE FIRST CLAIM:

A.    **MOTION TO DISMISS - FIRST CLAIM - FAIR DEBT COLLECTION PRACTICES ACT - NO CLAIM FOR RELIEF - NON-CONSUMER DEBT.**

Notwithstanding the highly inflammatory nature of these claims, all of them arise out of the collection of the underlying 1998 Judgment, and the pursuit of standard post-Judgment remedies, including levy and execution upon property, the filing of a fraudulent conveyance action, and the

---

[1]   All Exhibits are attached to the Declaration of David J. Cook, Esq. in support of this motion which is filed contemporaneously herein.

1   like.

2          The touchstone of this motion is that the Plaintiffs do not state a claim for violation under

3   the   Fair Debt Collection Practices Act   subject to 15 U.S.C. 1692(a)(3) and (5), which defines a

4   consumer and debt, as follows:

5          (3)    The term   consumer   means any natural person obligated or allegedly
                  obligated to pay any debt.
6          (5)    The term   debt   means any obligation or alleged obligation of a consumer to pay
                  money arising out of a transaction in which the money, property, insurance or
7                 services which are the subject of the transaction are primarily for the personal,
                  family or household purposes whether or not such obligation has been reduced to
8                 judgment.

9          The relevant time period is when the debt was incurred, not when the collection is

10  attempted.  See dispositively, ***Miller v. McCalla, Raymer, Padrick, Cobb, Nichols***, 214 F.3d 872

11  (7th Cir. June 2000).

12         The Fair Debt Collection Practices Act do not arise out of activities relating to   tort

13  judgments   or   non-consumer settings.   See on point, ***Hawthorne v. Mac Adjustment, Inc.***, 140

14  F.3d 1367 (11th Cir. 1998), in which the court squarely held, as follows:

15          The FDCPA limits its reach to those obligations to pay arising from the
            consensual transactions, where parties negotiate or contract for consumer-related
16          goods or services.   (At p. 1371.)

17         The court continued to state the following:

18          Moreover, the statutory language further limits application of the FDCPA to debts
            arising from *consumer* transactions. [Citations omitted]  Indeed, as noted above, the
19          statute provides that a   debt   is any obligation or alleged obligation of a consumer
            to pay money arising out of a transaction in which the money, property, insurance
20          or services which are the subject of the transaction are primarily for personal,
            family or household purposes, whether or not such obligation has been reduced to a
21          judgment. [Citation omitted]

22         Quite simply, Hawthorne s alleged obligation to Mac Adjustment does not arise out of a

23  consumer transaction; it arises from a tort.

24         Further, at page 1372:

25          Review of other cases concerning the FDCPA confirm our interpretation that the
            statutory definition of   debt   to exclude tort obligations such as the one at issue in
26          this case. [Citations omitted]

27         Accordingly, notwithstanding the claims of   conduct,   no claim for relief is stated on

28

behalf of any of the Plaintiffs under the FDCPA, either in part or in whole.

**B.** **MOTION TO DISMISS FIRST CLAIM FOR RELIEF - NO CLAIM FOR DISGUISED STATE LAW CLAIMS.**

Even restated as a purported state law claim for abuse of process, this first claim for relief fails as the conduct is subject to the complete privilege of Civil Code Section 47(b)(2). All of Defendant s conduct, whether levy and execution, letters to third parties, seeking to enforce the assignment order, a levy on the real property, or the like, all boil down to enforcement of the underlying tort judgment. This is subject to Civil Code Section 47(b)(2). The California courts have uniformly held that this conduct is subject to an absolute privilege. Dispositive is ***O Keefe v. Kompa***, 84 C.A.4th 130; 100 C.R.2d 602 (2000) in which the court stated succinctly, as follows:

> Civil Code Section 47, subdivision (b) states that any publication or broadcast made in the course of a judicial proceeding is privileged. Originally enacted in 1872, this provision stems from the common law defense to defamation actions for statements made in judicial proceedings. [Citations omitted] Since its inception, however, and particularly since the landmark decision in *Albertson v. Raboff* (1956) 46 Cal.2d 375, 381, 295 P.2d 405, which held the filing of a notice of lis pendens was privileged vis-a-vis a title disparagement claim, the litigation privilege afforded by section 47, subdivision (b) has been expanded to bar virtually any tort actions based on any publication or broadcast made in the course of a judicial proceeding. [Citations omitted]

In ***O Keefe v. Kompa***, the court squarely held that an alleged wrongful levy, recording of an abstract of judgment, or the like, was privileged. The court cited ***Profile Structures Inc. v. Long Beach Building Materials Co.***, 181 C.A.3d 141; 226 C.R. 192, which held privileged a mislevy under a temporary protective order issued under the attachment statute.

More recently, in ***Brown v. Kennard***, _____ C.A.4th _____; 113 C.R.2d 891, the California Court again held that a levy and execution, even if wholly improper on its face, was the subject of a privilege.

In ***Oren Royal Oaks v. Greenberg, Bernhard, etc.***, 42 Cal.3d 1157; 232 C.R. 567; 728 P.2d 1202 (1987), the California Supreme Court specifically held that various torts are barred under Civil Code Section 47(b)(2), such as intentional infliction of emotional distress, fraud and negligence, breach of contract, intentional interference with prospective economic advantage, professional negligence, and statutory invasion of privacy claim. (P. 1164)

1    Even if the first claim for relief constituted some type of tort, calling it invasion of

2 privacy, infliction of emotional distress, or any other tort claim, all of these claims are barred

3 under California law. Specifically, ***Silberg v. Anderson***, 50 Cal.3d 205; 266 C.R. 638; 786 P.2d

4 365 (1990) held that a psychological evaluation was in some way biased because the psychologist

5 had a pre-existing relationship with one of the parties, which influenced the psychologist to

6 provide a wholly biased and inaccurate, if not defamatory, report. The Supreme Court, in

7 reversing the District Court of Appeal, held that such communication was privileged in its entirety,

8 and stated that even a malicious, wrongful, or similar act, is protected. The court stated at page

9 215, that the following torts were precluded: intentional infliction of emotional distress, breach of

10 contract, invasion of privacy, interference with prospective economic advantage, negligence, fraud.

11 Furthermore, the court cited ***Ribas v. Clark***, ***supra***, 38 Cal.3d at p. 364; 212 C.R. 143; 696 P.2d

12 637, which held that Civil Code Section 47(b)(2) defeats a claim for invasion of privacy, such as

13 alleged here.

14    C.    **MOTION TO DISMISS FIRST CLAIM FOR RELIEF - COLLATERAL ESTOPPEL.**

15

16    WESTERN PARAMEDICAL asserts a claim that WESTERN PARAMEDICAL s assets

17 consisting of accounts and accounts receivable were allegedly wrongly taken, or interfered with by

18 virtue of Defendant s forwarding a notice of assignment pursuant to the court order under C.C.P. §

19 708.510.

20    Travelers Insurance Company and WESTERN PARAMEDICAL, along with Plaintiffs,

21 adjudicated WESTERN PARAMEDICAL s rights to its accounts receivable in which the Contra

22 Costa County Superior Court in Case No. C-00 04505, adjudicated that WESTERN

23 PARAMEDICAL s rights were junior and subordinate to the claims of Plaintiff and further

24 adjudicated all of the accounts and accounts receivable are in fact due STEPHEN TURNER. . . .

25 pursuant to the judgment of the Honorable Walter D. Rogers of January 4, 2002. Defendants

26 request that the court take judicial notice of the Complaint, Request to Enter Default, and

27 Judgment in Case No. C-00 04505. In this tribunal, this court is bound under the doctrine of

28 collateral estoppel, even if the Judgment in the state court is by default. See ***Mitchell v. Jones***,

(1959) 172 C.A.2d 580; 342 P.2d 503.   Accordingly, WESTERN PARAMEDICAL would have no viable claim, one way or another, that its accounts were wrongfully taken when a Superior Court Judge ruled that WESTERN PARAMEDICAL had no interest at all and that the account was due STEPHEN TURNER.

**D.     MOTION TO DISMISS - FIRST CLAIM FOR RELIEF - WESTERN PARAMEDICAL IS NOT AUTHORIZED TO DO BUSINESS IN THE STATE OF CALIFORNIA.**

WESTERN PARAMEDICAL LLC is not authorized to do business in the State of California.  Under California Corporations Code Section 2203© which provides as set forth below:

> (c) A foreign corporation subject to the provisions of Chapter 21 (commencing with Section 2100) which transacts intrastate business without complying with Section 2105, until it has complied with the provisions thereof and has paid to the Secretary of State a penalty of two hundred fifty dollars ($250) in addition to the fees due for filing the statement and designation required by Section 2105 and has filed with the clerk of the court in which the action is pending receipts showing the payment of the fees and penalty and all franchise taxes and any other taxes on business or property in this state that transacted intrastate business.

WESTERN PARAMEDICAL is precluded from maintaining this action.

### III.  MOTION FOR RELIEF - SECOND CLAIM FOR RELIEF - RICO.

Even though Plaintiffs have restated their claim under RICO, these claims are likewise barred under the absolute privilege accorded a judicial action under both federal and state law, such as Civil Code Section 47(b)(2).

The second claim for relief alleges a  RICO  claim.  The RICO claim likewise is subject to the absolute bar under California Civil Code Section 47(b)(2).  See ***Joseph E. Rosenthal v. Constant Vogt,*** 229 C.A.3d 69 (1991), in which the court held that the absolute privilege accorded under Civil Code Section 47(b)(2) prohibited the filing of a RICO claim.  The court squarely held that the absolute privilege bars any claim and cause of action, save and except the claim of malicious prosecution.  The  RICO claim,  asserted as a civil remedy, is likewise subject to the complete privilege.  The recasting standard collection activities as  racketeering  does not give the allegedly aggrieved party any greater claim.  Furthermore, Plaintiffs  attempt to claim a violation of federal law does not give their claims a greater weight, when otherwise these claims are

1  meritless as a matter of state law.  In effect, Plaintiffs are manufacturing claims where none

2  otherwise exist.

3  **IV.  DISCRETIONARY DISMISSAL OF REMAINING STATE COURT CLAIMS.**

4  Defendants similarly move this court to dismiss the remaining state court claims.  The

5  District Court has supplemental jurisdiction over a state claim, and the District Court may exercise

6  that jurisdiction and dismiss the matters, leaving the parties to their  state court remedies.  See

7  *Acri v. Varian & Associates, Inc.,* 114 F.3d 999 (9th Cir. 1997).  The court stated at page 1001:

8     The Supreme Court has stated, and we have often repeated, that  in the usual case
   in which all federal-law claims are eliminated before trial, the balance of factors . . .

9     will point toward declining to exercise jurisdiction over the remaining state-law
   claims. [Citations omitted] While discretion to decline to exercise supplemental

10     jurisdiction over state law claims is triggered by the presence of one or more
   conditions in Section 1367(c), it is informed by Gibbs values of economy,

11     convenience, fairness and comity.

12  Accordingly, absent the federal claim, the court should decline exercise over this case,

13  given that only state law claims remain.

14  **V.  THIRD CLAIM FOR RELIEF - INFLICTION OF EMOTIONAL DISTRESS.**

15  Plaintiffs claim  emotional distress.   These claims have been absolutely barred by the

16  California Supreme Court in a series of cases, including but not limited to, *Silberg v. Anderson,*

17  50 Cal.3d 205; 266 C.R. 368 (1990).  The court in *Silberg v. Anderson* at page 215, went through

18  an entire litany of  claims   subject to the absolute privilege, including but not limited to,

19  intentional infliction of emotional distress under *Ribas v. Clark,* 38 Cal.3d 355; 212 C.R. 143; 696

20  P.637 (1985).  Invasion of privacy is likewise subject to the absolute privilege.  *Ribas v. Clark,*

21  *supra.*

22  Negligence is covered.  *Pettitt v. Levy,* 28 C.A.3d 484, 489; 104 C.R. 650 (1972). Levy and

23  execution is likewise subject to the absolute privilege.  See *Profile Structures, Inc. v. Long Beach*

24  *Building Manufacturing Co.*, 181 C.A. 437, 441; 226 C.R. 192 (1986).

25  Accordingly, whether stated as intentional infliction of emotional distress, invasion of

26  privacy, or otherwise, all of these claims are absolutely and completely barred.

27

28

## VI.  FOURTH CLAIM FOR RELIEF - UNFAIR COMPETITION ACT

Plaintiffs attempt to  allege around  the absolute bar under Civil Code Section 47(b)(2) by claiming relief under California Business & Professions Code Section 1700.  Again, the Califonia Supreme Court has spoken, barring such relief, without further effort.  See *Rubin v. Green*, 4 Cal.4th 1187, 1195-6; 17 C.R.2d 828, in which the court concluded that the wrongful acts of attorneys in soliciting residents of several mobile home parks for purposes of commencing litigation was privileged under Civil Code Section 47(b)(2).  The court summarily rejected relief under California Business & Professions Code Section 17200.

Similarly, WESTERN PARAMEDICAL is barred from making a claim on the basis of collateral estoppel and on the basis of not authorized to do business in California.  See Sections II.C. and D. above.

## VII.  FIFTH CLAIM FOR RELIEF - INVASION OF PRIVACY.

Finally, Plaintiffs claim  invasion of privacy.   Likewise, the California Courts have uniformly rejected any such claims.  See *Silberg v. Anderson, supra* at pages 215-216, and more specifically, the court stating the following:

> The only exception to the application of section 47(b) (2) to tort suits has been for malicious prosecution actions. [Citations omitted]

The California Supreme Court has uniformly rejected any claim for relief in a tort setting arising out of litigation, whether invasion of privacy, or otherwise, and specifically has condemned invasion of privacy in *Ribas v. Clark, supra*.

## VIII.  CONCLUSION

STEPHEN TURNER had his day in court.  The Contra Costa County Superior Court jury adjudicated STEPHEN TURNER a tort feasor and awarded YEO and MARTINI $1,000,000 in tort damages.  STEPHEN TURNER has not paid these damages, despite extensive collection activities.  In an attempt to commit further aggression upon YEO and MARTINI, STEPHEN TURNER and his family, and related entities, through an attorney, has filed a frivolous action against collection counsel claiming tort liability out of privileged conduct.  Each factual claim in the Complaint is predicated solely upon the collection of this Judgment, including but not limited

1  to, a valid assignment order under C.C.P. § 708.510, an interpleader action, levy and execution

2  upon the TURNER dwelling, and related conduct.  All of this conduct is subject to the total

3  privilege under Civil Code Section 47(b)(2).

4      These Defendants are entitled to the court granting this motion to dismiss without leave to

5  amend and Judgment.

6  DATED:  February 6, 2002                    COOK, PERKISS & LEW, P.L.C.

7

8                                              By:_____s/David J. Cook_____
                                                  DAVID J. COOK, ESQ.
9                                              Attorneys for Defendants

10  f:\djc\turners.dismiss

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **DAVID J. COOK, ESQ. (State Bar # 060859)**
   **ROBERT J. PERKISS, ESQ (State Bar # 62386)**
2  **DEBRA D. LEW, ESQ. (State Bar # 114537)**
   **COOK, PERKISS & LEW**
3  **A PROFESSIONAL LAW CORPORATION**
   333 Pine Street, Suite 300
4  San Francisco, Califomia 94104
   Tel: (415) 989-4730
5  Fax: (415) 989-0491
   File No. 44,765
6
   Attorneys for Defendants
7  DAVID J. COOK, ESQ., COOK PERKISS & LEW,
   a PROFESSIONAL LAW CORP., AH BENG YEO
8  and E.A. MARTINI,

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO OFFICE

12
    STEPHEN TURNER, M.D., SUSANA      )    CASE NO.  C 01 3884 CW
13  TURNER, on behalf of themselves and as )
    Guardian ad Litem for minor children  )
14  DAVID TURNER, DANIEL TURNER,      )
    DEBORAH TURNER and WESTERN        )    DECLARATION OF DAVID J. COOK, ESQ.
15  PARAMEDICAL SERVICES LLC,         )    IN SUPPORT OF NOTICE OF MOTION AND
                                      )    MOTION TO DISMISS PURSUANT TO
16            Plaintiff,              )    F.R.C.P. 12(b)(6)
                                      )
17  vs.                              )
                                      )
18  DAVID J. COOK, ESQ., COOK         )
    PERKISS & LEW, a PROFESSIONAL     )
19  LAW CORP., AH BENG YEO and E.A.   )
    MARTINI,                         )
20                                    )
    AND DOES I THROUGH X AND          )    Date:  March 15, 2002
21  EACH OF THEM INCLUSIVE,           )    Time:  10:00 a.m.
                                      )    Courtroom:  2
22            Defendants.             )
    _____ )

23          I, DAVID J. COOK, hereby declare and state as follows:

24          1.  Declarant is one of the attorneys of record for Plaintiff in the above-entitled matter, am

25  duly licensed to practice before all courts in the State of California, and am familiar with the facts

26  and circumstances as set forth herein.

27

28

2.   YEO and MARTINI filed an action in the Contra Costa County Superior Court against STEPHEN B. TURNER, M.D., the matter went to court, and a  JUDGMENT ON JURY VERDICT  was entered on August 21, 1998, a true and correct copy of said Judgment is attached hereto marked ***Exhibit   A***  and incorporated by reference.

3.  Declarant s offices, post-Judgment, filed a notice of motion and motion for assignment of rights which was granted by that  ORDER GRANTING MOTION FOR ASSIGNMENT OF RIGHTS, TURNOVER ORDER, RESTRAINING ORDER, ORDER DENYING CLAIM OF EXEMPTION, dated July 10 and filed on July 18, 2000 in the Superior Court of California, County of Contra Costa, a true and correct copy is attached hereto marked ***Exhibit   B***   and incorporated by reference.

4.  The Travelers Insurance Company filed an action in the Contra Costa County Superior Court, Case No. C 00-04505, naming YEO, MARTINI, and WESTERN PARAMEDICAL SERVICES, LLC.  The Complaint was filed on October 24, 2000, a true and correct copy of which is attached hereto marked ***Exhibit   C***  and incorporated by reference.  The matter went to trial in which the court held that the interpled funds were to be turned over to YEO and MARTINI and that YEO and MARTINI s claim was superior to the purported claim, if any, of WESTERN PARAMEDICAL which had no right, title or interest therein.  Attached hereto marked ***Exhibit D***   and incorporated by reference is a true and correct copy of the JUDGMENT AFTER TRIAL dated and filed January 4, 2002.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 6, 2002 at San Francisco, California.

s/David J. Cook
_____
DAVID J. COOK, ESQ.

F:\djc\turners.dismiss

1  **DAVID J. COOK, ESQ. (State Bar # 060859)**
   **ROBERT J. PERKISS, ESQ (State Bar # 62386)**
2  **DEBRA D. LEW, ESQ. (State Bar # 114537)**
   **COOK, PERKISS & LEW**
3  **A PROFESSIONAL LAW CORPORATION**
   333 Pine Street, Suite 300
4  San Francisco, Califomia 94104
   Tel: (415) 989-4730
5  Fax: (415) 989-0491
   File No. 44,765
6
   Attorneys for Defendants
7  DAVID J. COOK, ESQ., COOK PERKISS & LEW,
   a PROFESSIONAL LAW CORP., AH BENG YEO
8  and E.A. MARTINI,

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                      SAN FRANCISCO OFFICE

12
   STEPHEN TURNER, M.D., SUSANA        )   CASE NO.  C 01 3884 CW
13  TURNER, on behalf of themselves and as )
   Guardian ad Litem for minor children    )
14  DAVID TURNER, DANIEL TURNER,       )   REQUEST FOR JUDICIAL NOTICE IN
   DEBORAH TURNER and WESTERN          )   SUPPORT OF MOTION TO DISMISS
15  PARAMEDICAL SERVICES LLC,          )   PURSUANT TO F.R.C.P. 12(b)(6)
                                       )
16            Plaintiff,               )
                                       )
17  vs.                                )
                                       )
18  DAVID J. COOK, ESQ., COOK          )
   PERKISS & LEW, a PROFESSIONAL       )
19  LAW CORP., AH BENG YEO and E.A.    )
   MARTINI,                            )
20                                     )
   AND DOES I THROUGH X AND            )   Date:   March 15, 2002
21  EACH OF THEM INCLUSIVE,            )   Time:   10:00 a.m.
                                       )   Courtroom:   2
22            Defendants.              )
   _____)

23
            IT IS REQUESTED that this court take judicial notice of the following listed documents,

24
   true and correct copies of which are attached to the Declaration of David J. Cook, Esq. in support

25
   of notice of motion and motion to dismiss pursuant to F.R.C.P. 12(b)(6):

26
            A.  JUDGMENT ON JURY VERDICT.

27
            B.  ORDER GRANTING MOTION FOR ASSIGNMENT OF RIGHTS, TURNOVER

28

1    ORDER, RESTRAINING ORDER, ORDER DENYING CLAIM OF EXEMPTION.

2        C.  COMPLAINT TO INTERPLEAD FUNDS.

3        D.  JUDGMENT AFTER TRIAL.

4    DATED:  February 6, 2002              COOK, PERKISS & LEW, P.L.C.

5
                                          By:_____s/David J. Cook_____
6                                              DAVID J. COOK, ESQ.
                                          Attorneys for Plaintiff
7

8    f:\djc\turners.dismiss

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2   HERMAN FRANCK, ESQ.
LAW OFFICES OF HERMAN FRANCK
3   926 J Street, Suite 1011
Sacramento, CA 95814
4   Fax: (916) 447-0720

5          I declare:

6          I am employed in the County of San Francisco, California. I am over the age of eighteen
(18) years and not a party to the within cause. My business address is 333 Pine Street, 3rd Floor,
7   San Francisco, CA 94104. On the date set forth below, I served the attached:

8          NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)

9          MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)

10         MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NOTICE OF
MOTION AND MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)
11
           DECLARATION OF DAVID J. COOK, ESQ. IN SUPPORT OF NOTICE OF MOTION
12         AND MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)

13         REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS
PURSUANT TO F.R.C.P. 12(b)(6)
14
           **NOTICE REGARDING EXHIBIT ATTACHMENT**
15
on the above-named person(s) by:
16
    **XXX**    (BY MAIL) Placing a true copy thereof, enclosed in a sealed envelope with postage
17  thereon fully prepaid, in the United States mail at San Francisco, California, addressed to the
person(s) served above.
18

19         I declare under penalty of perjury that the foregoing is true and correct.

20         Executed on February 6, 2002 at San Francisco, California.

21
                                         s/Karene Jen
22                                       Karene Jen

23

24

25

26

27

28

HERMAN FRANCK, ESQ.
LAW OFFICES OF HERMAN FRANCK
926 J Street, Suite 1011
Sacramento, CA 95814