Herman Franck, Esq. (SB 123476)
Law Offices of Herman Franck
926 J Street, Suite 1011
Sacramento, California  95814
916 447-8400; Fax 916 447 0720

Attorney for Plaintiffs
Stephen Turner, M.D. et al

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN TURNER, M.D., SUSANA TURNER, on behalf of themselves and as Guardian ad litem for minor children DAVID TURNER, DANIEL TURNER, DEBORAH TURNER and WESTERN PARAMEDICAL SERVICES LLC<br><br>vs.<br><br><br>DAVID J. COOK, ESQ., COOK PERKISS & LEW, a PROFESSIONAL LAW CORP., AH BENG YEO and  E.A. MARTINI<br><br><br>              Defendants.<br>_____/ | Case No. C 01 3884 JL CW<br><br><br><br><br><br><br><br><br><br>Date: March 15, 2002<br>Time:  10:00 am.<br>Courtroom: 2, Judge Claudia Wilkin |

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
SECOND MOTION TO DISMISS PURSUANT TO FRCP RULE 12(B)(6);
OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE; OBJECTIONS TO
EVIDENCE; DECLARATION OF SUSANA TURNER; DECLARATION OF
STEPHEN TURNER, M.D., DECLARATION OF AGENT FOR SERVICE OF
PROCESS OF WESTERN PARAMEDICAL SERVICES, INC.

Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence

1

TABLE OF CONTENTS

Table of Contents                                                            2

Table of Authorities                                                         2


I.      INTRODUCTION AND SUMMARY OF              5
        FACTS PLEAD IN THE FIRST AMENDED
        COMPLAINT

II.     SUMMARY OF MOTION TO DISMISS             9

III.    ARGUMENT                                 11

        A.      Authority for Motion to Dismiss          11

        B. There is No litigation Privilege in Federal Actions.    11

        C. Even if the Litigation Privilege Applied,             13
           It is Still Inapplicable to These Facts.

        D. The FCCPA Act Applies to Post Judgment Debt         17
           Collection Activities.

        E. Western Paramedical Services LLC Can Proceed        20
        Without A California Cstate Foreign Corporation License.

        F. The State Tort Claims are Not Barred by the Litigation   23
        Privilege

IV.     CONCLUSION                               24

Proof of Service                                 25
Objections to Request for Judicial Notice        26
Objections to Evidence                           38

Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence

TABLE OF AUTHORITIES

**Federal Cases**

*Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*                    19
  111 F.3d 1322, 1325

*Folb vs Motion Picture Industry Pension & Health,*                       13
16 F.Supp.2d 1164, 1169 (C.D. Cal. 1998)

*Gilligan v. Jamco Develop. Corp.* 108 F.3d 246, 249 (9th Cir. 1997)      11

*Harms, Inc. v. Tops Music Enterprises, Inc. of Cal.*
  160 F.Supp. 77,  80  (D.C. 1958)

*Kimes v. Stone,* 84 F.3d 1121, 1128 (9th Cir. 1996)                       12

*Neitzke v. Williams* 490 U.S. 319, 328-329 (1989).                       11

*Olam v Congress Mortg. Co.* 68 F.Supp.2d 1110, 1120 (N.D.Cal.1999)       13

*Pareto v. FDIC* 139 F.3d 696, 699 (9th Cir. 1998).                        11

*Religious Technology Center v. Wollersheim,* 971 F.2d 364, 367, n10      11
(9th Cir. 1992).

*United States v. Redwood City* 640 F.2d 963, 966 (9th Cir. 1981)         11

**California State Cases**

*Barbary Coast Furniture v Sjolie*                                        14,17
(1985) 167 Cal.App. 3d 319, 333

*Carney v Rotkin, Schmerin & McIntrye* (1988)                             14
206 Cal.App.3d 1513, 1521

*Kinnamon v. Staitman & Snyder*  (1977) 66 Cal.App.3d 893, 897            14

*Ngyen v. Proton Technology Corp.* (1999) 69 Cal.App.4th 140, 151-52      17

*Susan A.  v. County of Sonoma* (1991) 2 Cal.App.4th 88                   15

Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence

**Constitutional Authorities**

Due Process Clause, U.S. Constitution, 5th and 14th Amendment        21
Due Process Clause, Art. I, Section 7(a) of the California Constitution        21

**United States Code**

15 U.S.C. Section 1962 et seq        9
15 U.S.C. Section 1962c(b)        8
15 U.S.C. Section 1692e(2)(1)(A)        8
15 U.S.C. Section 1692a(5)        18
18 U.S.C. Section 1961e(10)        8
RICO Act. 18 USC Section 1961 et seq        8
Federal Civil Rights Act, 42 U.S. C. Section 1983        12
Federal Truth in Lending Act        13
ERISA Act        13
Lanham Act        20

**Federal Rules of Civil Procedure**

Federal Rules of Civil Procedure, Rule 12(b)(6)        5,11

**California Statutes**

California Unfair Business Practices Act,        9,23
B & P Code Section 17200
California Civil Code Section 47(b)(2)        10,14,23
California Penal Code Section 132 (offering false evidence)        15
                              Section 133 (deceiving a witness)        15
                              134 (preparing false evidence)        15
                              415 (disturbing others)        16
California B & P Code Section 6128 (Attorney deceit)        15
California Code of Civil Procedure, Section 473(d)        22

**Other Authorities**

7 Witkin, California Procedure 4th (4th ed. 1997),        22
Judgment, page 828, Para. 286

Rest. 2d Judgments, Sections 12, 17.        22


Weil and Brown, California Practice Guide, Civil Procedure        22
Before Trial,   Page 5-113, para. 5:484-5:485

Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence

Plaintiffs Stephen Turner, Susana Turner, Deborah Turner,  David Turner, Daniel

Turner, and Western Paramedical Services LLC herewith submit this

memorandum of points and authorities in support of opposition to defendant David

J. Cook, and Cook, Perkiss & Lew's  motion to dismiss the first amended

complaint herein pursuant to FRCP Rule 12(b)(6).

I.

INTRODUCTION AND SUMMARY OF
FACTS PLEAD IN THE  FIRST AMENDED COMPLAINT

This is an action for violations of the Federal Fair Debt Collection Practices Act,

15 U.S.C. Section 1962 et seq, the Racketeer Influenced and Corrupt

Organizations Act (RICO), 18 U.S.C. Section 1961 et seq, and supplemental

California State Tort Actions for intentional infliction of emotional distress,

violations of California's Unfair Competition Act, Business and Professions Code

Section 17200, and violation of Stephen Turner's right of privacy under Art. I,

Section 1(a) of the California State Constitution.  (First Amended Complaint,

efiled Janaury 29, 2002, First –Five claims for relief).


Plaintiffs are the Turner family, who are being endlessly hounded by defendants

Yeo and Martini, and their attorneys, David J. Cook, Esq. of Cook, Perkiss & Lew.

Yeo and Martini obtained a business tort judgment against Stephen Turner (only

Stephen Turner) in 1998 in the amount of $1,010,000  A copy of the judgment was

attached to the initially filed complaint herein as Exhibit A.

Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence

5

A further plaintiff is Western Paramedical Services LLC, a Delaware State LLC (the articles of organization of which were filed as Exhibit F of the initial complaint, and which are referenced in the FAC at  paras. 7, 24.  Western Paramedical Services is not a plaintiff to the FDCPA claim for relief, as only natural persons have standing under the act. Western Paramedical is a plaintiff in the Second Claim for Relief under the RICO statute, and under the Fourth Claim for relief under the California Unfair Competition Act, B & P Code Section 17200.

Following $1,010,000 Judgment (Initial Complaint, Exhibit A), defendants proceeded to post judgment debt collection remedies, which at issue here include a turnover order and a separate state court action for fraudulent conveyance of the residential real property located at 4225 Twilight Court, Hayward, California.  A copy of the subject turnover order is attached to the original complaint herein as Exhibit B (attachment to July 11, 2001 letter to Physical Data Services).  A copy of the subject fraudulent conveyance action still presently pending in Contra Costa County (Action No. C99-04095) is attached as exhibit I to the initially filed complaint.

The complaint alleges that Yeo and Martini made a false statement about a turnover order.  (FAC 21, 22, 23, 24, 25, 26, 27, 28). This false statement was that the turnover order, according to Yeo and Martini (and through their counsel, Mr. Cook), required debtors of Western Paramedical Services LLC to pay over any

Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence

sums owing to Western Paramedical Services LLC to Yeo and Martini.

This statement by Cook et all is a complete misstatement of facts, and constitutes a false and misleading communication to third parties in violation of the FDCPA. The true facts are that the turnover Order does not say that creditors of Western Paramedical are to turnover all funds to Stephen Turner.

Yeo and Martini sent letters out, through Mr. Cook, to hundreds of insurance companies (a partial list is attached to the initial complaint herein as Exhibit J, and referenced in the FAC at page 16-17, para. 35). doing business with Western Paramedical Services LLC.  This created a continuous and repeated series of instances of mailing out false and misleading information through the mails and through faxes,  which constitutes the mail and wire fraud as predicate acts under the RICO claim.  FAC, RICO Claim, page 26, para. 51; page 27, para. 52; page 28, para. 54)

The conduct in question involves the special specie of fraud on a Court document (by misrepresenting the Turnover Order).  This is quite a serious offense for anyone, and especially an Attorney.  Under state Criminal law, it is called Attorney Deceit.  (FAC Second Claim for Relief,  page 27, 53).

Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence

7

A partial list of recipients is attached as Exhibit J to the initially filed complaint.

companies and is referenced in the FAC at page 16-17, para. 35).

These fraudulent statements constitute a violation of the Federal Debt Collection

Practices Act, and in particular 15 USC Section 1692c(b) (concerning

communications with third parties), 15 USC Section 1692e(2)(1)(A) (concerning

false representations of the character, amount, or legal status of any debt), and 15

USC Section 1692e(10) (concerning "the use of any false representation to

deceptive means to collect or attempt to collect any debt or to obtain information

concerning a consumer." (FAC, page 15, para. 32).

The recently filed first amended complaint also uses the same facts to plead mail

fraud, wire fraud and obstruction of justice as predicate acts supporting a RICO

claim under 18 USC Section 1961 et seq.  (FAC, pages 25-31).

Plaintiffs also allege a series of other miscellaneous and serious violations of the

FDCPA, including that David J. Cook, Esq. called Stephen Turner, M.D. "you

dirty jew, I'm going to take everything away from you." (FAC, page 17, para 37).

Mr. Cook also piled up multiple copies (10) of a  lis pendens (FAC, page 18, para.

38), and engaged in repeated instances of serving a corporate entity by serving

Stephen Turner, when Mr. Cook knew that Dr. Turner was not the registered agent

for service of process of the corporate entity (FAC, page 18-19 para. 38-39).

Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence

8

Mr. Cook also made deceptive and false statements in submissions to the State Superior Court (FAC, page 20, para. 41). Mr. Cook also filed highly private details about Dr. Turner's personal life, which violate Dr. Turners right of privacy. This violation of a right to privacy is also plead as an offense under the FDCPA (FAC, para. 42, page 21).

The complaint also alleges that the same series of conduct in the FDCPA action constitutes the basis of a series of state torts for intentional infliction of emotion distress (FAC, Third Claim for Relief, pages 31-32), an action relief under the California Unfair Competition Act, Business and Professions Code Section 17200 (FAC, fourth claim for relief, pages 33-34), and a state tort action in Stephen Turner's name only for violation of right of privacy (FAC, Fifth Claim for Relief, pages 35-35-38.

## II.
## SUMMARY OF MOTION TO DISMISS

This is the second round of motions to dismiss in this action. The first one went without a hearing when the Court granted plaintiffs request for leave to amend to add a claim under the RICO statute. The FAC was filed with that added claim for relief, and added some more recent events that took place since the intitial filing of the complaint, but which are part and parcel of the overall abusive campaign on defendants (See, FAC, page 21, para 42, regarding Mr. Cook's attempted

Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence

intervention into the Turner's divorce proceedings, and unconscionable filings of documents that were highly confidential and subject to a right of privacy, and which were not relevant to any issue in the claim of intervention into the divorce proceedings. The family law court agreed and ruled that the evidence in question (Medical Review Administrative Law Proceedings) were not relevant and sustained Turner's objection to their admissibility in connection with the intervention proceedings. The family Law Court further denied the request to intervene. (FAC, page 21, para. 42).

Defendands David J. Cook, Esq. and Cook Perkiss & Lew, Inc. have now filed a largely similar motion to dismiss, claiming a series of technical defenses to the FDCPA action.  They claim that the underlying action was for a business tort, and is thus not covered by the FDCPA.  They claim that a litigation privilege shields them. They also claim that a subsequently obtained Judgment cleanses their past fraudulent activity after the fact.

As to the RICO action, their sole claim is  that the matters alleged were subject to a litigation privilege. The litigation privilege of California Civil Code Section 47(b)(2) is further asserted as a defense to the three State Law Claims.

Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence

10

III.
ARGUMENT

A.  Authority for Motion to Dismiss.

The motion to dismiss under FRCP Rule 12(b)(6) is the common law demurrer, and tests the legal sufficiency of the complaint. The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. *Pareto v. FDIC* 139 F.3d 696, 699 (9th Cir. 1998).  The sole issue raised by a Rule 12(b)(6) motion is whether the facts pleaded would, if established, support a valid claim for relief. *Neitzke v. Williams* 490 U.S. 319, 328-329 (1989).

 "The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted."  *Gilligan v. Jamco Develop. Corp.* 108 F.3d 246, 249 (9th Cir. 1997); *United States v. Redwood City* 640 F.2d 963, 966 (9th Cir. 1981) (Rule 12(b)(6) dismissal is proper only in "extraordinary" cases.).

B.  There is No Litigation Privilege in Federal Actions.

The litigation privilege asserted by defendants can be quickly dispensed with, since federal appellate decisions make it clear that the privilege does not apply to federal actions.  See, *Religious Technology Center v. Wollersheim,* 971 F.2d 364, 367, n10 (9th Cir. 1992), where in Dissallowing the litigation privilege in a RICO action, the Court held:

Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence

"In federal question cases, the law of privilege is governed by "the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. Schlosser cites no cases, and we have found none, indicated such a privilege has been recognized as a matter of federal common law."

*Religious Technology Center* was followed in *Kimes v. Stone,* 84 F.3d 1121, 1128 (9th Cir. 1996), which held that the litigation privilege did not apply to actions under the Federal Civil Rights Act, 42 U.S.C. Section 1983.  *Kimes* 84 F.3d 1121, at 1128  reversed a trial court's order dismissing the action on the basis of a litigation privilege, and stated:

"Because state immunity law does not govern Section 1983 claims, and the co mmon law did not provide immunity to private attorneys conspiring with a judge to deprive someone of their constitutional rights, Kimes' complaint does not reveal that his claim against the Attorney Defendants is barred by any immunity."

Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence

12

See also *Olam v Congress Mortg. Co.* 68 F.Supp.2d 1110, 1120 (N.D.Cal.1999) (Dissallowing the litigation/mediation privilege claims in an action under the Federal Truth and Lending Act); *Folb vs Motion Picture Industry Pension & Health,* 16 F.Supp.2d 1164, 1169 (C.D. Cal. 1998) (disallowing the use of litigation/mediation privileges in an action under the ERISA statute).

The above arguments defeat defendants motion to dismiss based on the litigation privilege as to the First Claim for relief under the FDCPA, and under the Second Claim relief under the RICO action.

C. Even If the Litigation Privilege Applied, It Is Still Inapplicable to These Facts

Even if defendants could somehow get around the Federal Common Law problem cited above, the litigation privilege still doesn't apply here because of the specific facts alleged, and because of a series of published California case law limiting the litigation privilege so that it doesn't apply to communications falling in the following categories:

Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence

13

1.  Communications involving illegal, dishonest, and conduct which violates State Bar Rules.

See, *Carney v Rotkin, Schmerin & McIntrye* (1988) 206 Cal.App.3d 1513, 1521 (attorney liable for intentional infliction of emotional distress for falsely advising a debtor that there was a bench warrant for her arrest; held, "it appears affirmatively from the complaint that the purpose of defendant attorney's extrajudicial statements was to deceive plaintiff and thus obtain an advantage over her" and thus the litigation privilege of Civil Code Section 47(b)(2) did not apply); *Kinnamon v. Staitman & Snyder* (1977) 66 Cal.App.3d 893, 897 (correspondence where attorney wrongfully threatened to bring criminal charges to obtain a settlement was ruled outside of the litigation privilege: "It is a cause for discipline of the attorney, a proposition totally inconsistent with a privileged status.")   *Barbary Coast Furniture v Sjolie* (1985) 167 Cal.App. 3d 319, 333 (denying to apply the litigation privilege to accusations of perjury, and stating: "we emphasized the fact that the absolute privilege should be confined to cases in which the challenged publication was '*made in furtherance of the litigation and to promote the interest of justice*.'") (emphasis in original).

The above line of cases hold that where a lawyer does something unethical, illegal, immoral, and violative of either the penal code, or the attorney ethics rules, such conduct falls outside any litigation privilege. Applying this rule to the present facts shows that the defendants mislead third parties as to the legal status of a debt, and

Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence

14

falsely stated that a turnover order required creditors of Western Paramedical Services LLC to turnover funds to Defendants.  (FAC, para. 24-27, 32,

Such a misrepresentation of a Court order amounts to obstruction of justice and illegal deceit by a lawyer.  See, eg, California Penal Code Section 132 (offering false evidence); Section 133 (deceiving a witness); 134 (preparing false evidence); and California B & P Code Section 6128: "Every attorney is guilty of a misdemeanor who . . .Is guilty of any deceit or collusion, or consent to any deceit or collusion, with intent to deceive the court or any party"  (cited as the basis for the decision in *Carney, supra,* 206 Cal. App. 3d 1513, 1522). As to the false evidence charge, plaintiff points out that in a recent contempt  proceeding brought by defendants here, defendants admitted into evidence the turnover order and alleged that funds received by Western Paramedical Services were improperly paid over to Stephen Turner. Turner was found not guilty in the contempt proceedings.

2.  Communication to Third Parties.

An extra-judicial statement made to unconnected third parties is outside the litigation privilege.  See, *Susan A. v. County of Sonoma* (1991) 2 Cal.App.4th 88, 93-94, regarding a forensic psychologists' statements to the press.  The Court ruled: "Republication to non-participants in the action are generally not privileged under Section 47(b). (citation omitted) Thus, the privilege does not apply where publication is to persons in no way connected with the proceeding. (citation omitted)."  *Susan A.,* 2 Cal. App. 4th at 93-94.

Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence

15

Applying this rule to the facts of this case, the court should note the following: first, plaintiffs became the victim of not one or two letters to unconnected parties, but rather were the victims of a mass mailing. (complaint, para. 35, and see the address list obtained by Plaintiffs attached to the complaint as Exhibit J).

The recipients of the false letters were a group of insurance companies that may have owed monies to Western Paramedical Services LLC. Susana Turner is the business manager of this company. Stephen Turner has provided services to the company as an independent contractor, and more recently became a direct employee.  The insurance companies are not connected to this litigation, except by the false statement of defendants that the turnover order requires them to pay over any sums owing to Western Paramedical.

3.  Communications Not Relevant to the Proceedings

Plaintiffs fourth claim for relief states that the defendants wrongfully attached police reports of criminal activity concerning Stephen Turner to papers submitted in connection with the Fraudulent Conveyance and debt collection proceedings. (Complaint, Fourth Claim for relief, pages 26-27, para. 63-66). The criminal reports were not republished here by Turner, but concerned an alleged violation of Penal Code Section 415 (Disturbing others) (Complaint, para. 63).

Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence

16

Even documents filed with a court can be held to be outside the litigation privilege if they provide information that has no relevance to the proceedings.  See, *Barbary Coast Furniture v Sjolie* (1985) 167 Cal.App. 3d 319, 333 (denying to apply the litigation privilege to accusations of perjury, and stating: "we emphasized the fact that the absolute privilege should be confined to cases in which the challenged publication was '*made in furtherance of the litigation and to promote the interest of justice.*'") (emphasis in original); *Ngyen v. Proton Technology Corp.* (1999) 69 Cal.App.4th 140, 151-52 (discussing the exception to the litigation privilege for inserting information that has no relevance to the pending action, and holding that "the prelitigation demand letter's reference to appellant's prior criminal history was not privileged under Section 47(b)")

Accordingly, the litigation privilege would not work for defendants even if it did apply to the federal causes of action. Accordingly, the motions to dismiss the first and second claim for relief on grounds of litigation privilege should be denied.

   D.  The FDCPA Act Applies to Post Judgment Debt Collection Activities.

Cook and Cook, Perkiss and Lew have asserted that the FDCPA doesn't apply to the circumstances since the underlying judgment for $1,010,000 was a business tort, and business collections are not covered by the FDCPA.  To this, plaintiffs state as follows:

Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence

17

1.  We emphasize that the collection efforts involved were post judgment, and involve claims against the personal home and possessions of the entire Turner family.

2.  We are not challenging the conduct of counsel or the parties with respect to obtaining the initial judgment herein. This case only deals with post judgment activities.

3.  There are no cases on point segregating the post judgment collection activities. Plaintiff submit that the fraudulent conveyance action attempts to collect on a debt, and that it is specifically trying to collect the personal residence of Susana Turner, and that as such the post judgment activities come within the ambit of the FDCPA.

Legal support for the above claim is as follows. First, the definition of a debt to bring unlawful conduct within the meaning of the Federal Debt Collection Practices Act is found at 15 USC Section 1692a(5)  provides:

> The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence

Caselaw holds that this section is to be given a broad and expansive treatment. See, eg, *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.,* 111 F.3d 1322, 1325 (broad reading of the definition of a debt includes a payment obligation which arose from a dishonored check. "as long as the transaction creates an obligation to pay, a debt is created.")

The facts show a complete abuse by a law firm in misrepresenting the legal status of a debt and making a mass mailing to third parties, in which it was stated that the turnover order required these third parties to pay over monies to defendants.

The Court should consider the purposes of the FDCPA "to eliminate abusive debt collection practices by debt collectors . . ." 15 USC Section 1692(e).

Here the defense is that since the underlying debt is from a business tort, the FDCPA doesn't apply, and the defendants have a free reign to terrorize plaintiffs. This position is wrong for several reasons:

First, the action for fraudulent conveyance, as pointed out above, challenges a transaction concerning the personal residence of the Turners. (Complaint, Exhibit I, Fraudulent Conveyance Action, page 4, para. 9-10). Plaintiffs thus meet the requirements of the definition of a debt from a personal transaction as stated in 15 USC Section 1692a(5), quoted above.

Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence

19

With respect to Susana Turner and her minor children, they did not commit any business tort, are not judgment debtors, and are solely dealing with the fraudulent conveyance action and the false letters to creditors of Western Paramedical Services LLC.  Susana Turner is the business manager of Western Paramedical LLC, and is thus a victim of the fraudulent letters sent out by Cook et al.

The issue is whether an action for fraudulent conveyance comes within the act. There do not seem to be any cases on point. Indeed, this case may be the one to either establish or disestablish the rule that fraudulent conveyance lawsuits do come within the FDCPA. Obviously plaintiffs are hopeful that the Court will rule that the FDCPA does cover such lawsuits.

E.  Western Paramedical Services LLC Can Proceed Without a California State Foreign Corporation License.

Defendants argue that Western Paramedical Services LLC is not properly registered in the State of California, and should not be allowed to proceed in the present action.  Western Paramedical Services LLC is a plaintiff in the second claim for relief only, the RICO action.  Published caselaw shows that the disability caused by failing to properly register an out of state corporation is only applicable to proceedings in front of State Courts, and not before Federal Courts sitting on Federal Question matter jurisdiction. See, *Harms, Inc. v. Tops Music Enterprises, Inc. of Cal.* 160 F.Supp. 77,  80 (D.C. 1958) (A Federal Lanham Act case, where the court ruled that "conceding that the certificate on file shows non-compliance, plaintiff's right to sue being federal, it is not governed by state law. . . the State is

Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence

20

powerless to determine the conditions under which a corporation, in a *non-diversity case,* or in a pendent action, may sue in federal courts.")

Accordingly, the motion to dismiss Western Paramedical Services LLC should be denied.

### F.   Collateral Estoppel Does Not Prohibit the Present Action Under FDCPA

Defendants once again committed a fraud on a court by going through a default proceeding against Western Paramedical Services LLC when they knew that at no time was Western Paramedical Services ever served.  The Court should note that the defendants have failed to file a proof of service showing that Western Paramedical Services was ever brought into the interpleader action which resulted in the judgment against Western Paramedical Services LLC.

There is a failure of evidence on the defendants part of service on Western Paramedical Services. Objections based on lack of due process (US Constitution, 5th Amendment and 14th Amendment, and Art. I, Section 7(a) of the California Constitution, are invoked here, on the basis of a lack of required notice of the proceedings through proper service of summons and complaint.

Plaintiffs have come forward and filed declarations of the agent for service of process (filed on February 8, 2002, as item No. 31, and inaccurately described as being in support of the papers identified as item 30 in the Clerk's Transcript.  The

Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence

declaration filed as Item No. 31 ( a copy of which is mailed served to defendants), is by the agent for service of process of Western Paramedical Services LLC, and is filed in support of the present opposition to motion to dismiss. It clearly states that at no time did Western Paramedical ever receive summons and complaint in the Travelers interpleader matter.

In addition, the declaration of Susana Turner submitted herewith states that Travelers in fact paid Western Paramedical the sums owed, attaches the subject check, and states that the receipt of payment thereby deflated Western Paramedical concers or issues about the matter. (Decl. Of Susana Turner, General Manager of Western Paramedical Services, para. 5-6).

Under the circumstances, the Court should not give collateral estoppel/ res judicata effect to the judgment against Western Paramedical Services. "Obviously a judgment, though final and on the merits, has no binding force and is subject to collateral attack if it is wholly void for lack of jurisdiction of the subject matter or person, and perhaps for excess of jurisdiction, or where it is obtained by extrinsic fraud." 7 Witkin, California Procedure 4th (4th ed. 1997), Judgment, page 828, Para. 286; Rest. 2d Judgments, Sections 12, 17.

Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence

The court should view the judgment as void and of no effect:

> "In addition to any other ground for vacating a default judgment,
> the court has power to set aside a judgment that is void as a matter
> of law. [CCP Section 473(d)].  A Judgment may be void as a matter
> of law for many reasons, including:
>
>          * * *
>
>     *  Improper service of summons."

Weil and Brown, California Practice Guide, Civil Procedure Before Trial,  Page 5-113, Para. 5:484-5:485.

Accordingly, the motion to dismiss on the grounds of the judgment against Western Paramedical Services LLC should be denied.

G.   The State Tort Claims are Not Barred by the Litigation Privilege.

As noted above, the state tort claims are based on the same facts as the FDCPA claim, but are couched in terms of intentional infliction of emotional distress, violation of California B & P Code Section 17200 and violation of privacy for filing police reports on criminal activity.  Defendants claim that the conduct is subject to an absolute litigation privilege under CC Section 47(b)(2).  Plaintiffs obviously disagree with defendants on this point, and submit that the same cases and arguments listed above with respect to the federal claims apply here, and

Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence

23

exclude the use of the litigation privilege herein on the grounds of illegal conduct of Attorney Deceit, third party communications, and court filings which were not at all relevant and that violated Stephen Turner's privacy rights.

IV.
CONCLUSION

Based on the forgoing, the entire motion to dismiss should be denied.

Respectfully Submitted,

_____     Dated: February 22, 2002
Herman Franck, Esq.
Attorney for Plaintiffs
Stephen Turner, et al.

Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence

PROOF OF SERVICE

I, Herman Franck, Esq. declare as follows: That I am an adult over the age of 18, and reside in Sacramento, California and am not a party to the present action. On the date signed below, I caused to be mailed by first class mail postage prepaid the following documents which were not efiled because they were not prepared on my computer:

1.      Declaration of Susana Turner and all Exhibits Attached thereto.
2.      Declaration of Stephen Turner
3.      Declaration of Agent for Service of Process for Western Paramedical Services

The above documents were paper filed with the Court, instead of e filed, and are submitted in support of the opposition to the motion to dismiss.

The above listed documents were served on all parties herein by mailing them to the following addressee:

David J. Cook, Esq.
Cook Perkiss & Lew, PC
333 Pine Street, Suite 300
San Francisco, CA  94104

I declare under oath and under penalty of perjury that the forgoing is true and correct and that this declaration was executed on in Sacramento, California on February 22, 2002

_____
Herman Franck, Esq.

Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence

Herman Franck, Esq. (SB#123476)
926 J Street, Suite 1011
Sacramento, CA  95814
Tel. 916 447 8400

Attorney for Plaintiff's
Stephen Turner, Susana Turner
on behalf of themselves and as
Guardian ad Litem for minor children
David Turner, Daniel Turner, Deborah
Turner and Western Paramedical
Services LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN TURNER, SUSANA TURNER, on behalf of themselves and as Guardian ad litum for minor children David Turner, Daniel Turner, Deborah Turner and Western Paramedical Services LLC | Case No. C01-3884JL-CW |
| | OBJECTION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE OF TRAVELER'S INS. JUDGMENT |
| vs. | |
| DAVID J. COOK, ESQ., COOK, PERKISS & LEW, PC., AH BENG YEO AND E.A. MARTINI, | |
| | Date:  March 15, 2002 Time:  10:00 a.m. |
| Defendants. | Courtroom: 2, Oakland |

Plaintiffs Stephen Turner, Susana Turner, and their three minor children, David

Turner, Daniel Turner and  Deborah Turner, and Western Paramedical Services

LLC, herewith submit the following objections to defendants' request for judicial

Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence

26

notice of a judgment from Contra Costa County Action No. MSC00-04505, which was somehow previously numbered C 97 03871 (see request for entry of default, also attached as the last two pages of Exhibit A hereto).

I.

OBJECTION TO ADMISSIBILITY OF JUDGMENT

Plaintiffs herewith Object to the defendants request for judicial notice, and of the admissibility of the Judgment attached to the request for judicial notice supplied by counsel for defendants.

The objection to the request for judicial notice of the judgment and admissibility of the judgment  is based on the following grounds:  relevancy, inapplicability of res judicata/collateral estoppel doctrines, hearsay, improper legal conclusion, improper conclusion of ultimate issue of case, the Supremacy Clause of the United States Constitution, due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and the corollary due process provisions of the California Constitution, Art. I section 7(a).

II.

EVIDENCE IN SUPPORT OF OBJECTION

The following evidence is submitted in support of plaintiffs' objections.  See 7 Witkin, California Procedure 4th (4th ed. 1997) (methods of proof on a claim and challenge of a claim for res judicata, and permitting evidence of the circumstances of the prior action):

Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence

1.  Declaration of Susana Turner, General Manager of Western Paramedical

Services LLC with the following attached exhibits:

Exhibit A: a copy of the subject judgment (attached for purposes of identification

only, and subject to all objections asserted herein) and as further attached the

request for entry of default (last two pages of Exhibit A).

Exhibit B:  Copy of Western Paramedical Services LLC Certificate of Formation

issued by the State of Delaware, and showing the following as registered agent for

service of process for the company:  Delaware Business Incorporators, 3422 Old

Capitol Trail, Suite 700, Wilmington, DE 19808-6192.

Exhibit C:  A copy of a check given by interpleader The Travelers Insurance

Company in the amount of  $1,738.50 to Western Paramedical Services LLC dated

July 10, 2001. Note that the check amount is the same amount as the judgment.

2.  Declaration of  Stephen Turner, MD

4.      The Present Objection document

Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence

III.
FACTS IN SUPPORT OF OBJECTIONS

Plaintiffs have sued defendant lawyers (Cook et al) for their scheme to mislead insurance companies about the legal status of a turnover order. The turnover order arose from Yeo and Martini's judgment in excess of $1 million against Stephen Turner.

In the ensuing collection process, Mr. Cook has sent out letters to creditors of Western Paramedical Services LLC (exemplars are attached to the complaint as Exhibit B). The letters are fraudulent in that they state that the turnover order requires anyone that owes money to Western Paramedical Services LLC to hand over those funds to Mr. Cook's clients. In fact, the turnover order (attached to the complaint as part of Exhibit B)applies only as to Stephen Turner MD.

The letters of Cook et al were part of a mass mailing scheme. Attached as Exhibit J to the complaint are the lists of the many recipients of the letters.

One of the recipients was Travelers Insurance Co. They owed $1738.50 to Western Paramedical Services LLC.

The significant facts for the Court here include:

Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence

(1) Travelers paid Western Paramedical Services LLC the sum of $1738.50 (See decl. of Susana Turner, Exhibit C, copy of the check)

(2) Travelers never served Western Paramedical Services LLC with the complaint (Decl. of Susana Turner, Para. 4, and see the request for default attached as the last two pages of the Exhibit A to the decl. of Susana Turner, indicating that Travelers was improperly mail serving David Carter, who is not the registered agent for service of process (See Exhibit B, Western Paramedical Services LLC Certificate of Formation, showing the following as registered agent for service of process for the company:  Delaware Business Incorporators, 3422 Old Capitol Trail, Suite 700, Wilmington, DE 19808-6192.

(3) Travelers never served Stephen Turner MD with the complaint (See declaration of Stephen Turner, para. 9. )

IV.
ARGUMENT

A.  The Doctrines of Res Judicata and Collateral Estoppel do Not Apply

Based on the above facts, the Court can rule as a matter of law that the doctrines of Res Judicata and Collateral Estoppel do not apply to permit the admissibility of the Traveler's Interpleader Judgment.  California law applies here since the judgment

Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence

in question is a California State judgment [FRE Rule 302].  The requirements for res judicata/collateral estoppel include identity of issues, interests and parties.  See, CCP Section 1908, 1910 and 1911.

B.      Lack of Identify of Parties: The Judgment is Void for lack of Service of Summons and Complaint.

"Obviously a judgment, though final and on the merits, has no binding force and is subject to collateral attack if it is wholly void for lack of jurisdiction of the subject matter or person, and perhaps for excess of jurisdiction, or where it is obtained by extrinsic fraud."  7 Witkin, California Procedure 4th (4th ed. 1997), Judgment, page 828, Para. 286; Rest. 2d Judgments, Sections 12, 17.

The fact that Western Paramedical Services LLC and Stephen Turner were never properly served with summons and complaint means that the judgments as to them are void.  See, CCP Section 473(d); see also Weil and Brown, California Practice Guide, Civil Procedure Before Trial,  Page 5-113, Para. 5:484-5:485:

> "In addition to any other ground for vacating a default judgment,
> the court has power to set aside a judgment that is void as a matter
> of law. [CCP Section 473(d)].  A Judgment may be void as a matter
> of law for many reasons, including:
>
> * * *
>
>    *  Improper service of summons."

Weil and Brown, supra, Page 5-113, Para. 5:484-5:485.

Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence

31

There is no identify of parties as to the judgment and the present action, since Stephen Turner and Western Paramedical Services LLC were never served.  The lack of service also renders the judgment void.

Accordingly, the Judgment is admissible, and the request for judicial notice [FRE 201] should be denied.

C.  Due Process Violations Prohibit Admissibility of the Judgment.

Objections based on lack of due process (US Constitution, 5th Amendment and 14th Amendment, and Art. I, Section 7(a) of the California Constitution, are invoked here, on the basis of a lack of required notice of the proceedings through proper service of summons and complaint.

D.      Lack of Identity of Issues:  Western Paramedical Service's Interest in the Litigation Was Different

There is no identify of issues between the judgment and the present action.  Once Western Paramedical Services LLC received the check (Decl. of Susana Turner, para. 5, and Exhibit C thereto), it no longer had any substantive interest in litigation. After all, it had been paid its due.

"Even though the issue appears to be the same, the former judgment may not be res judicata is the second action is concerned with a new title, new interests, or

Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence

32

changed circumstances."  7 Witkin California Procedure 4th (4th ed. 1997),

Judgment, page 943, section 372, citing Rest. 2d Judgments Section 28.

See also 7 Witkin, Cal. Proc. 4th, Judgment, page 955, Section 384 and 386,

concerning the non-applicability of res judicata on default judgment where issues

are not actually raised in the proceedings; *English v. English* (1937) 9C.2d 358,

365; 7 Witkin, Cal. Proc 4th Judgment, page 958, Section 387, quoting from the

case of *Estate of Williams* (1950) 36 C.2d 289, 297 ("a defendant may be estopped

by a default judgment entered upon a complaint for dicorce alleging facts as to

property rights when he has been personally served with summons or has actual

knowledge of the existence of the litigation. But this rule has been applied only

where the record shows an express finding upon the allegation as to property."

The Court should examine the request for default filed by Travelers (last two pages

of Exhibit A to decl. of Susana Turner), which showed little by way of any

consequence of the default (zero dollars), vs the dramatic judgment that Mr. Cook

is trying to exploit.

The matter having been paid, the issue was a "done deal" and forgotten.

Meanwhile, Mr. Cook was busy stirring the pot trying to devise a plan to exploit

the circumstances by obtaining a post mass mailing order (See the complaint

herein, Exhibit J) in the form of a way after the fact judgment stating that Western

Paramedical Services and Stephen Turner are one and the same.

Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence

33

Western Paramedical Services LLC and Stephen Turner are not one in the same (See decl. of Stephen Turner for details). The changes in circumstances are that Turner and Western Paramedical Services LLC have an interest in the present action to show to the Court that the turnover order (Complaint, Exhibit B) that was attached to Mr. Cook's letters does not require creditors of Western Paramedical Services to pay Mr. Cook, and that Mr. Cook's letter advising them that they are required to so pay is a fraudulent debt collection practice. (Complaint, paras. 26-27).

E. Exceptions to Res Judicata Should Be Applied Here.

As seems to be the case with most rules of law, the rule of res judicata has an exception that Courts may use in their discretion. The exception was described in the California Supreme Court Case of *Greenfield v. Mataher* (1948) 32 C.2d 23, 35:

> ". . .in rare cases a judgment may not be res judicata, when proper consideration is given to the policy underlying the doctrine, there are rare instances in which it is not applied. In such cases it will not be applied so rigidly as to defeat the ends of justice or important considerations of policy."

This state law rule is still alive and well, despite several cases that attempt to dilute its reach. See, 7 Witkin California Procedure 4th (4th ed. 1997), Judgment, page 9833-834, Sections 289, and see *Hight v. Hight* (1977) 67 C.A.3d 498, 503

Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence

34

(holding that the *Greenfield* rule is still applicable California Supreme Court precedent).  See also, 7 Witkin, California Procedure 4th (4th ed 1997) Judgment, page 948-949, Section 380, (citing series of cases applying an exception that "in any event it is not conclusive if injustice would result.").

The special circumstances apply here in light of (1) lack of service of process on Western Paramedical Services LLC and Stephen Turner; (2) the fact that the insurance company paid the sums owed to Western Paramedical Services LLC, and (3) the facts specified in para. 7 of the declaration of Susana Turner, that Mr. Cook is litigating his various fraudulent conveyance theories in three different venues (the interpleader being number 4). He is presently trying to intervene in the Turner's divorce proceeding; he filed an OSC re sale of dwelling in Alameda County Superior Court, and he filed a fraudulent conveyance action in Contra Costa County (the complaint is attached to the complaint herein as exhibit I). Susana Turner and her ex husband have been having quite a time keeping up with Mr. Cook's quick work on all these cases, and have been responding to three motions per week!

F.  Relevancy.

Plaintiffs also object to the admissibility of the judgment on the grounds of relevancy, FRE Rule 401.  The judgment is not relevant because it is dated January 4, 2002, whereas the letters in question were sent out during July 11, 2002 (Complaint, Exhibit B), August 4, 2000 (Complaint, Exhibit C) and September 20,

Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence

35

2000 (Complaint, Exhibit E).  The after the fact judgment doesn't change the fact that as of the time the letters were sent out, they fraudulently mislead people into thinking that the subject turnover order specified that creditors of Western Paramedical Services LLC had to turn over amounts owing to them over to Mr. Cook.  This was a lie then, and it doesn't become truthful with an after acquired judgment. Accordingly, the judgment is irrelevant, and should be ruled inadmissible on relevancy grounds.

G. Hearsay and Ultimate Issues

If the judgment constitutes a statement outside of the present court, and is inadmissible hearsay.  FRE 801. The judgment also constitutes a conclusion of an ultimate issue of the present case, which is barred by 710.

H.  Supremacy Clause

The Article VI of the United States Constitution provides that the Federal law is supreme:  "This Constitution, and the Laws of the United States which shall be made in Pursuance therof; and all Treatis made, or which shall be made, under the Authority of the Unites States, shall be the supreme Law of the Land."

Plaintiffs are suing under the Federal Debt Collection Practices Act, which is federal law.  That law cannot be undermined by a State Court ruling.  Accordingly, the State Court Judgment should not be admitted herein.

Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence

III.
CONCLUSION


Based on the forgoing, the request for judicial notice of the Travelers Co.

Interpleader judgment should be denied, and the judgment should be ruled

inadmissible.


Respectfully Submitted,


_____                    Date: _____
Herman Franck, Esq.
Attorney for Plaintiffs
Stephen Turner, Susana Turner
on behalf of themselves and as
Guardian ad Litem for minor children
David Turner, Daniel Turner, Deborah
Turner and Western Paramedical
Services LLC


Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence

37

Herman Franck, Esq. (SB#123476)
926 J Street, Suite 1011
Sacramento, CA  95814
Tel. 916 447 8400

Attorney for Plaintiff's
Stephen Turner, Susana Turner
on behalf of themselves and as
Guardian ad Litem for minor children
David Turner, Daniel Turner, Deborah
Turner and Western Paramedical
Services LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

STEPHEN TURNER, SUSANA TURNER,   Case No. C01-3884JL-CW
on behalf of themselves and as Guardian
ad litum for minor children                                OBJECTION TO
                                                                         DEFENDANTS' EVIDENCE
David Turner, Daniel Turner, Deborah         ON MOTION TO DISMISS
Turner and Western Paramedical
Services LLC


vs.


DAVID J. COOK, ESQ., COOK,
PERKISS & LEW, PC., AH BENG
YEO AND E.A. MARTINI,
                                                            Date:  March 15, 2002
                                                            Time:  10:00 a.m.
                           Defendants.          Courtroom: 2, Oakland
_____/

Plaintiffs Stephen Turner, Susana Turner, and their three minor children, David

Turner, Daniel Turner and  Deborah Turner, and Western Paramedical Services

LLC, herewith submit the following objections to defendants' series of exhibits

attached to their motion to dismiss, on the following grounds:

Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence

38

1. All attachments submitted in support of defendants motion to dismiss are objected to on the grounds that the Court, in ruling on a motion to dismiss, should not permit matters which are extraneous to the pleadings. *Pareto v. FDIC* 139 F.3d 696, 699 (9th Cir. 1998).  *Neitzke v. Williams* 490 U.S. 319, 328-329 (1989).

2.   The attachments are further objected to on the basis of relevancy.

Respectfully Submitted,

_____          Date: _____
Herman Franck, Esq.
Attorney for Plaintiffs
Stephen Turner, Susana Turner
on behalf of themselves and as
Guardian ad Litem for minor children
David Turner, Daniel Turner, Deborah
Turner and Western Paramedical
Services LLC

Memorandum of Points and Authorities,
Proof of Service; Objection to request for judicial notice
and objections to evidence