**DAVID J. COOK, ESQ. (State Bar # 060859)**
**ROBERT J. PERKISS, ESQ (State Bar # 62386)**
**DEBRA D. LEW, ESQ. (State Bar # 114537)**
**COOK, PERKISS & LEW**
**A PROFESSIONAL LAW CORPORATION**
333 Pine Street, Suite 300
San Francisco, Califomia 94104
Tel: (415) 989-4730
Fax: (415) 989-0491
File No. 44,765

Attorneys for Defendants
DAVID J. COOK, ESQ., COOK PERKISS & LEW,
a PROFESSIONAL LAW CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND OFFICE

| | |
|---|---|
| STEPHEN TURNER, M.D., SUSANA TURNER, on behalf of themselves and as Guardian ad Litem for minor children DAVID TURNER, DANIEL TURNER, DEBORAH TURNER and WESTERN PARAMEDICAL SERVICES LLC,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID J. COOK, ESQ., COOK PERKISS & LEW, a PROFESSIONAL LAW CORP., AH BENG YEO and E.A. MARTINI,<br><br>AND DOES I THROUGH X AND EACH OF THEM INCLUSIVE,<br><br>Defendants. | CASE NO. C 01 3884 CW<br><br>REPLY TO PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE OF TRAVELERS INSURANCE JUDGMENT ; OBJECTION TO DECLARATION OF SUSANA TURNER AND STEPHEN TURNER<br><br><br>Date:  March 15, 2002<br>Time:  10:00 a.m.<br>Courtroom:  2<br>Judge:  Claudia Wilkin |

Defendants respond to that objection to the admissibility of the judgment. Defendants argue relevancy, inapplicability of res judicata/collateral estoppel documents, hearsay, improper legal conclusion, improper conclusions of ultimate issues of case, the supremacy clause of the United States Constitution, due process of laws guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and the corollary due process provisions of California Constitution, Article I, Section 7(a).

1     The response is simple. The judgment has not been set aside nor is on appeal. The various
2 objections as set forth in the Declarations of Stephen and Susana Turner are themselves irrelevant,
3 hearsay, speculation, conclusionary, and otherwise without foundation. Since the judgment has
4 been rendered, has not been set aside, nor is on appeal, Plaintiffs cannot attack that judgment by
5 now claiming that they did not get notice, there is no service, etc. If Plaintiffs believe the
6 judgment is void, they can make a motion to set aside. All of the legal arguments made in the
7 OBJECTION TO DEFENDANTS REQUEST FOR JUDICIAL NOTICE OF TRAVELERS
8 INSURANCE JUDGMENT are nothing more than an attempt to go behind the judgment, without
9 actually setting it aside or appealing it.

10     Thus, all of their objections should be summarily overruled.

11 DATED: March 1, 2002         COOK, PERKISS & LEW, P.L.C.

By:    s/Robert J. Perkiss
      ROBERT J. PERKISS ESQ.
Attorneys for Defendants

f:\djc\turners.replyobj

1  **DAVID J. COOK, ESQ. (State Bar # 060859)**
   **ROBERT J. PERKISS, ESQ (State Bar # 62386)**
2  **DEBRA D. LEW, ESQ. (State Bar # 114537)**
   **COOK, PERKISS & LEW**
3  **A PROFESSIONAL LAW CORPORATION**
   333 Pine Street, Suite 300
4  San Francisco, Califomia 94104
   Tel: (415) 989-4730
5  Fax: (415) 989-0491
   File No. 44,765
6
   Attorneys for Defendants
7  DAVID J. COOK, ESQ., COOK PERKISS & LEW,
   a PROFESSIONAL LAW CORP.
8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10
                           OAKLAND OFFICE
11

12 | STEPHEN TURNER, M.D., SUSANA ) | CASE NO.  C 01 3884 CW
   | TURNER, on behalf of themselves and as )
13 | Guardian ad Litem for minor children )
   | DAVID TURNER, DANIEL TURNER, ) | OBJECTION TO DECLARATION OF
14 | DEBORAH TURNER and WESTERN ) | SUSANA TURNER AND STEPHEN TURNER
   | PARAMEDICAL SERVICES LLC, )
15 |                             )
   |         Plaintiff,          )
16 |                             )
   | vs.                         )
17 |                             )
   | DAVID J. COOK, ESQ., COOK    ) | Date:  March 15, 2002
18 | PERKISS & LEW, a PROFESSIONAL ) | Time:  10:00 a.m.
   | LAW CORP., AH BENG YEO and E.A. ) | Courtroom:  2
19 | MARTINI,                    ) | Judge:  Claudia Wilkin
   |                             )
20 | AND DOES I THROUGH X AND    )
   | EACH OF THEM INCLUSIVE,     )
21 |                             )
   |         Defendants.         )
22 | _____)

23          Defendants hereby object to the Declarations of Susana Turner and Stephen Turner as

24  follows:

25       ***DECLARATION OF SUSANA TURNER, GENERAL MANAGER, WESTERN***

26    ***PARAMEDICAL SERVICES LLC IN SUPPORT OF OBJECTION TO EVIDENCE OF***

27                    ***JUDGMENT dated January 6, 2002***

28          Defendants object to the entire Declaration of Susana Turner and the individual paragraphs

1 separately.

2     1. Plaintiffs object to paragraph 1 where SUSANA TURNER states that she has personal
3 knowledge based on my direct oversight of these matters. That is a conclusionary statement
4 without foundation.

5     2. Plaintiffs object to paragraph 2 of the declaration where she states that she objects to the
6 admissibility on the grounds of relevance, hearsay, etc. That is merely her conclusionary
7 statements, opinion, and otherwise without foundation.

8     3. In paragraph 3, her statements as to the status of Western Paramedical is not the best
9 evidence, hearsay, and the certificate is irrelevant. No foundation.

10     4. In paragraph 4, her statement that Western Paramedical has a registered agent and that
11 the agent was never served a Summons or Complaint in the Travelers Insurance action is merely
12 an opinion, conclusion, speculation, and otherwise without foundation.

13     5. In paragraph 5, her statement that she did not take steps to defend the Travelers
14 Insurance action as Travelers allegedly paid Western Paramedical what it was due is otherwise
15 without foundation as to whether or not she had any authority to take any steps to defend the action
16 on behalf of Western Paramedical. Further, her statement that Western Paramedical was paid what
17 it was due is conclusionsary, opinion, and without foundation, and would destroy any claim of
18 Western Paramedical that it was injured. On this statement alone, Western Paramedical should be
19 dismissed with prejudice.

20     6. In paragraph 6, her statement that Western Paramedical was never properly served is
21 again speculation, conclusionary and without foundation.

22     7. In paragraph 7, her statements that Mr. Cook is numbering up on multiple litigation
23 fronts is merely her conclusion, speculation, without foundation, and is otherwise irrelevant.

24 ***DECLARATION OF SUSANA TURNER, GENERAL MANAGER, WESTERN***
25 ***PARAMEDICAL SERVICES LLC IN SUPPORT OF OBJECTION TO EVIDENCE OF***
26 ***JUDGMENT dated January 7, 2002***

27     1. Paragraph 1 through 5 are conclusionary statements by Declarant without foundation.
28     2. Likewise, paragraph 6 is conclusionary and without foundation.

3. Defendants also object to paragraph 7 where he states that Western Paramedical is a separate legal entity having absolutely no relationship whatsoever to STEPHEN TURNER. That is a conclusionary statement without foundation.

4. Objection is also made to paragraphs 8 and 9 as merely speculation and conclusionary statements.

## *CONCLUSION*

Furthermore, all of the statements in both declarations are irrelevant since there is a judgment entered which has not been set aside. Based on this and all of the above, it is respectfully submitted that the objections be sustained.

DATED: March 1, 2002				COOK, PERKISS & LEW, P.L.C.

						By:	s/Robert J. Perkiss
							ROBERT J. PERKISS, ESQ.
							Attorneys for Defendants

f:\djc\replyobj

OBJECTION TO DECLARATION OF SUSANA TURNER AND STEPHEN TURNER
CASE NO. C 01 3884                                                                                                                3

## **PROOF OF SERVICE**

HERMAN FRANCK, ESQ.
LAW OFFICES OF HERMAN FRANCK
926 J Street, Suite 1011
Sacramento, CA 95814
Fax: (916) 447-0720

I declare:

I am employed in the County of San Francisco, California. I am over the age of eighteen (18) years and not a party to the within cause. My business address is 333 Pine Street, 3rd Floor, San Francisco, CA 94104. On the date set forth below, I served the attached:

REPLY TO PLAINTIFFS OBJECTION TO DEFENDANT S REQUEST FOR JUDICIAL NOTICE OF TRAVELERS INSURANCE JUDGMENT

OBJECTION TO DECLARATION OF SUSANA TURNER AND STEPHEN TURNER

on the above-named person(s) by:

__XXX__ (BY MAIL) Placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed to the person(s) served above.

__XXX__ (BY FACSIMILE TRANSMISSIONS) in addition, causing said document to be transmitted to said party and/or counsel via facsimile transmission at his/her facsimile phone number listed above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 1, 2002 at San Francisco, California.

              s/Karene Jen
              Karene Jen

HERMAN FRANCK, ESQ.
LAW OFFICES OF HERMAN FRANCK
926 J Street, Suite 1011
Sacramento, CA 95814